CITY OF BISMARCK, a Municipal Corporation, Respondent, v. BURLEIGH COUNTY, a Public Corporation, Appellant.

(190 N. W. 811.)

**Infants — city held not liable for part of mothers' pension paid by county; payments by city of claim for part of mothers' pension paid by the county held to be involuntary, so that it must be refunded by county.**

In 1921 the county presented to the city a claim for $1348.80, being 25 per cent of the sum paid for mothers' pensions. The claim was presented and allowed and paid under a misapprehension of the law by all parties, all supposing that they knew and understood the law and all making the same mistake as to the law. Hence, the payment was not voluntary. The city officers had no legal or moral right to make payment and give away the money of the city. Hence, the county must refund the money. Judgment affirmed.

Opinion filed November 22, 1922.

Infants, 31 C. J. § 14 p. 993 n. 47.   Payment, 30 Cyc. p. 1315 n. 4.

Appeal from the District Court of Burleigh County, *Nuessle,* J. Affirmed.

*F. E. McCurdy,* State's Attorney, for appellant.

*H. F. O'Hare,* for respondent.

The county of Burleigh was liable for the full amount of the mother's pension paid to residents living within the city of Bismarck in said county under § 2508, Compiled Laws, 1913, and the city of Bismarck, a municipal corporation, was not liable for any part of the mother's pension paid by the county of Burleigh to residents of said county living within the city of Bismarck. Pierce County v. Rugby, 47 N. D. 301, 181 N. W. 954.

While the general proposition of law that money voluntarily paid under a mistake of law cannot be recovered is everywhere recognized, yet an exception to this general rule is also recognized in the case of an unauthorized payment made by a public officer. See the following cases which assert and uphold this exception: *United States.*—Wisconsin Cent. Ry. Co. v. U. S. 164 U. S. 190, 17 Sup. Ct. Rep. 45, 41 L. ed. 399; McElrath's Case, 12 Ct. Cl. 201. See also United States v. Bartlett, 2 Ware, 17, Fed. Cas. No. 14,532. Compare Badeau v. United States, 130 U. S. 439, 9 Sup. Ct. 579, 32 L. ed. 997; Schlesinger's Case, 1 Ct. Cl. 16; Folsom's Case, 4 Ct. Cl. 366; McKee's

Case, 12 Ct. Cl. 504; Palen v. United States, 19 Ct. Cl. 389; Barnes v. Dist. of Columbia, 22 Ct. Cl. 366; Hillborn v. United States, 27 Ct. Cl. 547. *Arkansas.*—Weeks v. Texarkana, 50 Ark. 81, 6 S. W. 504. *California.*—Compare Riverside County v. Yawman, etc. Mfg. Co. 3 Cal. App. 691, 86 Pac. 900.

The reason for the exception to the general rule is that while an individual is dealing with his own money, and may do with the same as he pleases and is answerable to no one, yet public officers are dealing with money which is not their own and over which their powers are subject to well-known limitations. They can pay when the law requires or permits, and they cannot pay when it forbids. Barnes v. District of Columbia, 22 Ct. Cl. 394.

An action may be maintained to recover back money paid without authority of law . . . out of the city treasury, though fraud in fact be not imputed to the recipient of the money. The law charges upon persons receiving public moneys knowledge of the powers and authority of public auditing and disbursing officers, and compels the refunding to the treasury of moneys received from officials who exceed their authority, by making, under the forms of law, payments for which the legislature has not directly or indirectly given warrant. Such illegal payments may be sued for or may be used by way of set-off. McGinniss v. New York, 6 Daly (N. Y.) 419.

ROBINSON, J. This is an appeal from a judgment and order overruling a demurrer to the complaint. The complaint shows that in August, 1921 defendant presented to the city a claim for $1348.80, being 25 per cent of mothers' pensions paid by the county to nineteen different mothers during the years 1919 and 1920, which claim the city paid to the county. The complaint shows that the claim was presented by the county in good faith under the belief that the city was legally liable for the same under the statute, § 2508. The statute is that in certain cases the township where a pauper has a legal residence shall pay for the expenses of his care, 25 per cent, and the county shall pay 75 per cent; but, as held by this court, the statute does in no manner relate to allowances made under the mothers' pension act; Pierce County v. Rugby, 47 N. D. 301, 181 N. W. 954.

However, the claim was presented in good faith and it was paid

under a mistake of the law, each party believing that the city was liable for the same. The payment was made under a misapprehension of the law by all parties, all supposing that they knew and understood it and all making substantially the same mistake as to the law. Hence, under the statute it was not a free and voluntary payment. Section 5855. The city was under no legal or moral obligation to make the payment and its officers had no legal or moral right to donate or give away the money of the city. The mothers' pension is allowed by the county judge and is a charge against the county only. Hence the judgment is clearly right and is affirmed.

BIRDZELL, Ch. J., and CHRISTIANSON, GRACE and BRONSON, JJ., concur.