MARY McCLURE, Executrix of the Estate of W. M. McCLURE, deceased, Respondent, v. H. R. ENNIS REAL ESTATE & INVESTMENT COMPANY, a Corporation, Appellant.*

Kansas City Court of Appeals. January 19, 1925.

1. FRAUD: Rule as to What Constitutes Fraud in Law Stated. A false representation of fact, made with knowledge of its falsity, to a person ignorant thereof, with intention that it shall be acted upon, followed by action thereon amounting to actual change of position is fraud in law.

2. DEMURRER: On Demurrer Plaintiff's Evidence Viewed in Light Most Favorable to Cause of Action. In passing upon a demurrer the evidence in plaintiff's behalf must be viewed in light most favorable to the cause of action.

3. BROKERS: Refusal to Sustain Demurrer to Plaintiff's Evidence Held Proper. In an action to recover earnest money paid broker upon land contract, execution of which was induced by misrepresentation, fraud and deceit, overruling of demurrer to plaintiff's evidence held proper.

McClure v. Real Est. & Inv. Co.

4. ———: **Misrepresentations Made by Broker to Purchaser Held Material.** Misrepresentations made to purchaser by broker relative to option on property and loss thereof, if contract were not signed before certain date and earnest money paid, charged as inducing causes of plaintiff's signature to contract and payment of earnest money, were material.

5. ———: **Whether Fraudulent Misrepresentations Were Proven Held for Jury.** Whether charges of misrepresentation and fraud made by broker to purchaser relative to real estate contract were proven, *held*, for jury.

6. **ALTERATION OF INSTRUMENTS: Alteration of Contract for Purchase of Real Estate Without Purchaser's Knowledge or Consent Held to Invalidate Contract.** Alterations in contract for purchase of real estate, by insertion of name of party thereto, without plaintiff's knowledge or consent, *held* sufficient to invalidate contract justifying recovery of earnest money.

7. **INSTRUCTIONS: Refusal of Instructions Failing to Present Issues Contained in Pleadings and Proof and in Effect Peremptory Instructions for Defendant Held Not Error.** Where answer is a general denial and the issue in case is as to the truth or falsity of allegations of petition, refusal of instructions failing to present issues contained in pleadings and proof, and which in effect are peremptory instructions to find for defendant, *held* not error.

8. ———: **Instruction Held Erroneous as Assuming Facts in Controversy as True and Directing Verdict.** An instruction that defendant had no claim against plaintiff for any commissions but was merely a stakeholder of earnest money, and that, if defendant had refused to repay, verdict must be for plaintiff, *held* erroneous as assuming as facts matters in dispute and directing a verdict.

*Corpus Juris-Cyc. References; Alteration of Instruments, 2 C. J., p. 1177, n. 33; p. 1244, n. 72. Brokers, 9 C. J., p. 677, n. 26; p. 679, n. 39. Fraud, 26 C. J., p. 1062, n. 50; p. 1110, n. 38. Trial, 38 Cyc., p. 1543, n. 67; p. 1647, n. 13; p. 1657, n. 53; p. 1661, n. 63.

Appeal from the Circuit Court of Jackson County.
—*Hon. Thad B. Landon*, Judge.

REVERSED AND REMANDED.

*Lathrop, Morrow, Fox & Moore* for respondent.
219 Mo. App.—8.

*Kelly, Buchholz, Kimbrell & O'Donnell* for appellant.

ARNOLD, J.—This is an action to recover $1,000 earnest money alleged to have come into the hands of defendant through misrepresentation, fraud and deceit in connection with a certain contract for the purchase of real estate.

Defendant is a corporation of which H. R. Ennis is president and is engaged in the sale of real estate for commission. Plaintiff W. M. McClure, now deceased, was connected in an official capacity with the firm of Stine-McClure, undertakers of Kansas City, Mo. Mary McClure, the widow of W. M. McClure and executrix of his estate, has been substituted as party plaintiff to this suit.

The facts show that one Martin Bahnsen, a real estate agent connected with defendant, undertook to sell McClure a piece of property located at 1207 Linwood Boulevard in Kansas City, Mo., owned by one J. Q. Watkins, and listed with defendant for sale. The title to the property, though without any financial interest attaching, stood in the name of James M. Harner, a relative of Watkins.

The petition charges "that defendant represented and stated that it had an option on said property expiring that day; that it had at least two other customers anxious to obtain said property on the terms mentioned in said so-called contract; that if the signature to the said so-called contract of said J. Q. Watkins could not be obtained that night before the expiration of the option, said so-called contract and check would be returned to plaintiff on the following morning; that if the signature of the said J. Q. Watkins could be obtained, if plaintiff did not want said property under said so-called contract, he would not be required to take it, but it would be turned over to one of defendant's other customers; that plaintiff relied upon said representations and statements; that defendant did not have any option on said

property and never had had; that said so-called contract was not signed that day, but later on was changed by adding the name of James M. Harner as one of the owners of said property and by insertion of a clause in regard to payment of rent; that plaintiff never assented or agreed to any extension of time or to any change in said so-called contract but offered at one time to make additional changes therein, but that defendant refused to permit the same to be made; that the minds of the parties never met; that plaintiff thereafter informed said J. Q. Watkins of the conditions under which said so-called contract and check were obtained from him and was promptly informed that there would be no effort made to enforce said so-called contract, and the copy thereof, which said Watkins had was turned over and delivered to plaintiff; that plaintiff demanded from defendant the return of his check or the payment to him of said sum of one thousand dollars on or about the 1st day of May, 1921, and has frequently demanded payment since said date, but that defendant has neglected, failed and refused to pay said sum or any part thereof or any interest thereon.''

The answer was a general denial. The cause went to trial to a jury, resulting in a verdict and judgment for plaintiff in the sum of $1105. Motions for new trial and in arrest were unavailing and defendant appeals.

McClure's testimony shows that on Friday, April 29, 1921, after several interviews with defendant's agent Bahnsen, the latter presented to plaintiff for signature a form of contract, at the same time stating that defendant held an option on the property which expired that night, and that a contract must be signed that day or the option would expire, and that it could not be renewed or extended; that he had two other purchasers for the property, to either of whom he could make immediate delivery; that on the representations thus made plaintiff signed the contract to accommodate Bahnsen who was his friend; that at the same time plaintiff signed a

check for $1,000 earnest money, payable to defendant; that Bahnsen told plaintiff in the conversation that he would be at plaintiff's office the following day (Saturday) with the said check and contract if the check was not signed that night by Mr. Watkins, and that if plaintiff did not want the property the check and contract would be returned to him. The contract was not signed by Watkins on the 29th, nor were the check and contract returned to McClure on Saturday.

Bahnsen testifying for defendant stated that on Saturday morning he called Mr. McClure over the telephone and told him the contract had not been signed by Watkins and that he had not been able to see him; that McClure answered "all right," or words to that effect; that the contract was signed by Watkins on Saturday the 30th, and the check for $1,000 was thereupon deposited in the bank to defendant's credit.

It is further in evidence that after McClure had signed said contract and before Watkins' signature thereto had been attached, three changes in said contract had been made, viz.: (1) The name of James M. Harner had been inserted as party thereto, as one of the sellers of the property; (2) the description of the property was changed by adding the words "and West Ten (10) feet of Lot 24 Hestleigh Addition, on addition to Kansas City, Mo., being 110 feet frontage on Linwood Bvd. . . ." (3) the following clause was inserted: "The seller agrees to pay as rent on said property an amount equal to the interest charge based on the amount of the purchase price of the property figured from the date of the transfer until July 1, 1921." The contract provided that possession of the property was to be given to the buyer on July 1, 1921.

McClure did not see Bahnsen again until Wednesday following the signing of the contract, at which time he went to the office of defendant and there saw both Ennis and Bahnsen. McClure stated that he wanted to write something in the contract which Ennis refused to permit. However, McClure had the desired insertion

made in the copy held by him, as follows: "This contract shall be null and void, and the earnest money shall be returned to the purchaser at his option should the wording of this contract be changed in any manner after the contracting parties have signed."

Thereupon McClure went to Mr. Watkins and was told there never had been given an option on the property to defendant or anyone else. When McClure stated that his signature to the contract had been procured by Bahnsen through misrepresentation, Watkins said he would not hold him under the contract and thereupon surrendered to McClure his copy of the contract. Demand then was made upon defendant for the return of the $1,000 earnest money but was refused and this suit followed.

The evidence shows that Watkins had put a price upon the property of $27,500 net and had informed defendant that it might retain as commission any sum over that amount for which the property might be sold. The contract called for the payment by McClure of $28,-000 for the property. The abstract of title was delivered by Bahnsen to McClure's office, but it was returned to defendant at once. It is also in evidence that at the time the contract was signed by Watkins, he also signed a letter, addressed to defendant, which had been prepared in defendant's office, and which reads as follows:

"April 29, 1921.

"Having entered into a contract of this date with W. M. McClure for the sale of my property at 1207 Linwood Boulevard, this is to confirm my verbal understanding with your company that while the contract provides for a sale price of $28,500, I am to receive the sum of $27,500 net to me and your company is to retain the difference as compensation for services rendered in selling the property.

"(Signed)   J. Q. WATKINS."

There appears some conflict between the testimony of McClure and Bahnsen relative to the purport of the

telephone conversation on Saturday, April 30th, Bahn-
sen stating that he told McClure of the changes made in
the wording of the contract while McClure, on direct
examination stated that Bahnsen had not .so informed
him; but on cross-examination plaintiff was not positive
that he had not been so told by Bahnsen.

Defendant charges that the court erred in refusing
defendant's peremptory instruction, and urges in this
connection that the evidence fails to sustain the fraud
charged in the petition, and that the alleged representa-
tions were immaterial and collateral to the contract.

In this connection, it is well to keep in mind that this
is not a suit on contract, but is bottomed upon fraud and
deceit. The petition so charges in words and figures as
follows: " . . . defendant by its representative, a-
gent or employee, obtained from plaintiff his signature
to a so-called real estate contract," by certain false and
fraudulent representations therein enumerated, and that
". . . plaintiff relied upon said misrepresentations
and statements," and thereby defendant obtained the
check for $1,000, the refundment of which is the basis
of this suit. It is impossible to construe this language
as a suit upon a contract,—a position defendant seems to
have assumed throughout.

It was held, in effect, in the case of Palmer v. Huck-
step, 197 Mo. App. 512, 196 S. W. 1053, that a false rep-
resentation of fact, made with knowledge of its falsity,
to a person ignorant thereof, with intention that it shall
be acted upon, followed by action thereon amounting to
actual change of position, is fraud in law. This is a gen-
eral rule and no exception thereto being shown either in
the pleadings or evidence herein, it requires no further
discussion or citation of authorities. Plaintiff's posi-
tion is that because of the procurement of the contract
and check by misrepresentation, connivance and fraud,
and by reason of the unauthorized changes in the con-
tract, plaintiff refused to fulfill the contract; that there
was, in fact, no contract, no meeting of the minds of
the parties, and that defendant was not entitled to a

commission from plaintiff. That this state of facts was accepted by Watkins is shown by his return to plaintiff of his (Watkins) copy of the contract, and his statement that in this situation he would not try to force plaintiff to purchase the property.

Defendant declares plaintiff knew of the changes in the contract and agreed to them, and denies any connivance, misrepresentation, or fraud. It is admitted that changes in the contract were made by defendant without plaintiff's knowledge, but it is insisted that these changes were to the advantage of plaintiff and therefore are not material.

In passing upon a demurrer, the evidence in plaintiff's behalf must be viewed in the light most favorable to the cause of action. Applying this rule to the case at bar, we hold the action of the court in refusing to sustain the demurrer to the evidence was proper. [Messerli v. Bantrup, 216 S. W. 825.]

It is urged by defendant that the alleged misrepresentations were immaterial as a matter of law. We cannot accept this contention as conclusive. Plaintiff's case was fought out on the theory that the contract and check were procured by misrepresentation of facts by its agent. As to what constitutes material and fraudulent misrepresentations we are enlightened by the Supreme Court in the case of Hamlin v. Abel, 120 Mo. 188, 201, where it is said:

"Indeed there is no conflict in the opinions in this State on the subject. While it is true that in all cases it is held that the petitions must allege the representations were fraudulent, in all of them it is held that a statement of material facts by one as of his own knowledge, not merely as an opinion or general assertion, about a matter of which he knew nothing whatever, a wilful statement in ignorance of the truth, is the same as a statement of a known falsehood and will constitute a *scienter.*"

The evidence herein tends to show, and the plaintiff so charges, that the misrepresentations made to plaintiff

by defendant's agent, Bahnsen, relative to the option on the property and the loss thereof if the contract were not signed on April 29th and the earnest money paid were the inducing causes of plaintiff's signature to the contract and the payment of the $1,000 earnest money. This is the very foundation of the action. Can we say, then, that these representations, if proved, were immaterial? we think not. We hold against defendant on the point.

• As to whether the charges were proved was a question for the wise determination of the jury. On the question of alterations in the contract we hold that defendant's contention that, since said changes were in plaintiff's favor there could be no valid objection to them, is untenable. The testimony shows that the contract as signed by plaintiff shows he purchased the property from J. Q. Watkins. We may not say there may not have been a special inducement that led plaintiff to purchase from Mr. Watkins. And when the name of James M. Harner was inserted as a party to the contract, without plaintiff's knowledge or consent, such special inducement, if any, was thereby modified or eliminated. It was held by the Supreme Court in Carson v. Woods, 177 S. W. 623: "The smallest material change in a written instrument will invalidate it, without regard to the intent with which the change is made."

It is charged the court erred in refusing defendant's instructions C, D, E, F, G. It is not deemed necessary to set out these instructions in full in this opinion. An examination of them discloses they are not based on any theory presented by the pleadings, the answer being a general denial. The issue in the case is as to the truth or falsity of the allegations of the petition, and since the refused instructions fail to present the issues contained in the pleadings and proof, and in effect, are peremptory instructions to find for defendant, their refusal was not error. [Palmer v. Huckstep, supra.]

Defendant charges error in plaintiff's instruction No. 4, because it assumes facts in controversy as true, and directs a verdict for plaintiff. The instruction reads as follows:

"The court instructs the jury that defendant has no claim against plaintiff for any commissions as a real estate agent on account of the transactions in evidence, but that defendant is merely a stakeholder of the money involved, at and if you find and believe from the evidence that defendant has refused to repay the amount of the check received by it from plaintiff, then your verdict must be for plaintiff."

A reading of the instruction discloses that, as presented in the bill of exceptions, it is in some way incomplete. But we must consider it only as it appears in the record. It must be kept in mind that defendant's answer was a general denial, thus putting in issue the allegations of the petition. The instruction seeks to advise the jury that ". . . defendant has no claim against plaintiff for any commissions" and that ". . . defendant is merely a stakeholder of the money involved, and if you find and believe from the evidence . . . that defendant has refused to repay the amount . . . then your verdict must be for plaintiff."

We hold the instruction erroneous in that it assumes as facts matters which are in dispute, and directs a verdict. By reason of the error in this respect, the judgment is reversed and the cause remanded for a new trial.

All concur.