Matthias, J.
 

 The question presented is whether the facts alleged constituted a cause of action against the surety on the bond executed pursuant to the provisions of Section 6373-35, General Code.
 

 That section provides in part:
 

 “Such bond shall be conditioned upon the faithful ' observance of all the provisions of this act and shall also indemnify any person who may be damaged by a failure on the part of the applicant for a real estate broker’s license to conduct his business in accordance with the requirements of this act [Sections 6373-25 to 6373-51, General Code]. Any person claiming to have been damaged by any misrepresentation or fraud on
 
 *339
 
 the part of a real estate broker or by reason of the violation of the terms of this act, may maintain an action at law against the broker making such representations or perpetrating such fraud or violating the provisions of this act, and may join as parties defendant the sureties on the bonds herein provided for. Such bonds shall be in the form prescribed by the board of real estate examiners and approved by them. ’ ’
 

 That the bond involved herein fully conforms to the above statutory provisions is not questioned.
 

 Since misrepresentation or fraud upon the part of the real estate broker or “violation of the terms of this act” constitutes the basis of the indemnity provided, an examination of the various provisions of the act becomes essential.
 

 Section 6373-26, General Code, makes the procurement of a license a prerequisite to acting as a real estate broker.
 

 Section 6373-29, General Code, requires that an application for a license as a real estate broker must be in writing accompanied by the recommendation of two resident freeholders of the county of the applicant’s residence certifying that the applicant is honest, truthful and of good reputation, and recommending that he be admitted to the examination provided for in the act.
 

 Under the provisions of Section 6373-30, Genera] Code, an applicant is admitted to such examination only “if the state board of real estate examiners is satisfied that the applicant # * * is honest, truthful and of good reputation.”
 

 Section 6373-42, General Code, authorizes the suspension or revocation of any such license or the refusal to renew such license, where the licensee is guilty of,
 
 inter
 
 alia, any of the following:
 

 (1) Knowingly making any misrepresentation.
 

 
 *340
 
 (2) Making any false promises with intent to influence, persuade or induce.
 

 (3) A continued course of misrepresentation or the making of false promises through agents or salesmen, or advertising or otherwise.
 

 (4) Acting for more than one party in a transaction without the knowledge or consent of all parties thereto.
 

 (5) Failure within a reasonable time to account for or to remit any moneys coming into his possession which belong to others.
 

 (6) Any other conduct, whether of the same or a different character than thereinabove specified, which constitutes dishonest dealing.
 

 There has heretofore been no case in this court involving the question presented by the record in this case. The decision of this court in the case of
 
 S. D. Stanson, Inc.,
 
 v.
 
 McDonald,
 
 147 Ohio St., 191, 70 N. E. (2d), 359, 169 A. L. R., 760, is relied upon by the surety particularly by reason of certain statements in the opinion. The action in that case was brought by one real estate broker, then unlicensed, against another real estate broker on an agreement for half of the commission resulting from a real estate transaction. It is only necessary to state that the facts disclosed by the record in that case make the decision therein entirely inapplicable here.
 

 The deposit of $1,000 with the broker was made by plaintiff as a part of a transaction wherein the broker undertook to sell the plaintiff’s property for $20,000, to procure the property sought by the plaintiff at a named price of $50,000, and to arrange the financing of the $30,000 essential to consummate the transaction. It was agreed that, in the event of the broker’s failure in the respects indicated, the broker was to refund the deposit made by the plaintiff.
 

 The deposit, referred to as “binder money,” was
 
 *341
 
 made by plaintiff only for tbe purpose of being applied upon the purchase price of the property sought. Possession of such deposit was procured by the broker for that purpose, and that purpose only, and upon the express condition that if essential financing was not procured within the time stipulated the broker, upon direction of the seller, would return the deposit to the plaintiff.
 

 The agreement for the payment of the commission to the broker was made only by the seller of the $50,-000 property. The money deposited with the broker was at all times the money of the plaintiff. It could become the money of the seller only if the transaction were completed and only in that event could it ever become a part of the commission due the broker from the seller.
 

 The broker came into possession of the deposit ' while acting in a fiduciary relationship and only by reason of that relationship which imposed an obligation of good faith and fair dealing. The broker was not authorized, or permitted, to exercise the function of a real estate broker and realize the benefits to be derived therefrom otherwise than by compliance with the law which must be treated as though it were written in his bond.
 

 It must be concluded that the deposit procured from the plaintiff by the broker became a trust fund in the broker’s hands and when the purpose for which the plaintiff had been persuaded to entrust the funds to-the broker failed, it became the broker’s duty, as trustee of that fund, under the very law by virtue of which it had been licensed to act as a broker, to return that sum to the plaintiff. That would have been the broker’s duty and obligation even in the absence of' an express promise so to do.
 

 The statutory provisions, constituting the Real Estate Brokers Act, including Section 6373-42, General Code, and particularly subdivision (5) of that section,.
 
 *342
 
 must be considered and construed together as a declaration of the standard of conduct of a real estate broker required and enforced, and for default or failure in that regard resulting in loss or damage the surety on the bond becomes liable.
 

 It follows that the judgment of the Court of Appeals should be, and it is in all respects, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Hart, Zimmerman, Stewart, Turner and Taft, JJ., concur.