JANVIER, Judge.
This suit results from the failure of consummation of a contract for the purchase of real estate in New Orleans. The plaintiffs seek the return of a deposit of $500 made by them with a real estate agent, one of the defendants, and from a judgment against him ordering the return of the deposit the said real estate agent has appealed.
One of the plaintiffs, Nellie Wright, wife of Thomas Wright, the other plaintiff, under date of November 8, 1949, on a printed form which is known as “Standard Form Real Estate Board of New Orleans, Inc.,” executed a written offer to purchase the property belonging to Mr. and Mrs. Isauro Vasquez for the sum of $5,000. The offer provided that $2,000 would be paid in cash and then there appeared the following provision: “Balance $3,000.00 by first mortgage and second mortgage if necessary.” It was also provided that the prospective purchasers, who were Nellie Wright, who had signed the offer, and her husband, Thomas Wright, would deposit with the agent $500. This deposit was made on that same day. It was also provided that the act of sale would be passed before the purchasers’ notary on or prior to February 8, 1950.
The 'sale was never consummated, and on August 7, 1950, this suit was filed by Nellie Wright and her husband, Thomas Wright, who alléged that the money deposited had belonged to the community existing between them and that the failure of consummation had resulted from the fact that the terms of the said offer were not met,-and that petitioners were unable to obtain the *428 loans of $3,000 contingent upon which the said offer was made.
The suit was first filed against Gerald Blache and J. Henry Blache under the allegation that both were the agents who had received the deposit. It may be well to state here that the record shows, as was found by the District Judge, that Gerald Blache, the son, was the agent and that J. Henry Blache, the father, was merely a salesman in the employ of his son.
When the original petition was filed, the two defendants, Gerald Blache and J. Henry Blache, filed exceptions of no cause ■of action and no, right of action, coupled with a plea of nonjoinder of necessary parties defendant, this plea being based on the theory that the owners of the property who had áccepted the offer of plaintiffs were necessary parties. As a result of this plea of nonjoinder, plaintiffs filed a supplemental petition in which they named Mr. and Mrs. Vasquez as parties defendant and in which they prayed that the judgment ordering the return of the deposit be rendered against all defendants solidarily.
Mr. and Mrs. Vasquez answered admitting the. execution of the contract, averring that the securing of the loan had not been made their obligation, and also averring that the deposit had been received by the agent and not by them. They also averred that they had written to the attorney for plaintiffs that they considered the negotiations at an end and considered themselves under no obligation to proceed any further with the matter.
Gerald Blache and J. Henry Blache answered admitting, the execution of the contract and the receipt by Gerald Blache of the deposit of $500 and admitting that Gerald Blache had refused to return the deposit to plaintiffs for the reason that a homestead loan in the sum of $2,600 had been arranged and that a second mortgage loan in the sum of $400 had also been arranged, and that the real reason which prompted the plaintiffs to refuse to consummate the transaction was the fact that they had changed their minds about wanting the property, and that Mrs. Wright had “definitely made up her mind to refuse to purchase the property.”
The defendants then assumed the position of plaintiffs in reconvention and averred that the plaintiffs in the main demand are indebted unto them in the sum of $5,250, $250 of which represénts the commission which is claimed to have been earned as a result of negotiating the sale of the property and $5,000 of which is claimed as damages which are alleged to have been sustained as a result of the fact that when defendants refused to return to plaintiffs the amount of the deposit, the plaintiffs caused their attorney to write to the Real Estate Board of New Orleans “falsely claiming that intervenors had violated the organization’s code of ethics.”
The District Court rendered judgment dismissing the reconventional demand, and as we have already said, rendered judgment on the main demand in favor of plaintiffs and against Gerald Blache and J. Henry Blache and Mr. and Mrs. Vasquez, annulling and setting aside the contract and ordering Gerald Blache and J. Henry Blache to return the said deposit to the said plaintiffs. Gerald Blache and J. Henry Blache filed a motion for a new trial, contending, among other things, that the judgment should not have been rendered against J. Henry Blache who was merely a salesman employed by the agent, Gerald Blache. The Court thereupon amended its judgment so as, to run against Gerald Blache and Mr. and Mrs. Vasquez, ordering the return of the deposit by Gerald Blache, and annulling and setting aside the contract. It is from this judgment that Gerald Blache has appealed.
Since both the prospective vendors and the prospective purchasers have taken the position that as to them the contract is at an end, and since the record leaves no doubt whatever that there is no basis for the claim, for damages in reconvention, the sole issue for our consideration is whether or not the real estate agent is entitled to retain his commission out of the amount deposited.
It is contended by the plaintiffs that the contract was never binding for the reason that the provision for the second mortgage, if necessary, was uncertain and indefinite and that the said contract contained a sus-pensive condition, and it is also the con *429 tention of plaintiffs that even if the contract as originally executed was binding upon them, it was conditioned on their ability to secure loans totaling $3,000, and it was understood that the agent was to make all arrangements for the securing of the necessary loans and that this was not done before the time at which they might have been obligated to take title had the necessary financing arrangements been made.
It is very clear, as contended by Mr. and Mrs. Vasquez and as very obviously conceded by the defendant, Gerald Blache, that all financial arrangements were to be made by him. As we have sa'id, Blache concedes this, but contends that the necessary arrangements were made and that Mrs. Wright, who seems to have handled* the entire transaction for herself and her husband, was notified before' the dead-line, which was February 8, 1950, that the necessary arrangements hád been made; that a first mortgage for $2,600 had been arranged with a homestead association and a second mortgage for $400 had been arranged with private parties.
It is ,the contention of Mr. and, Mrs. Wright that even if these arrangements were made, they were never notified thereof and did not know and had not been told on or before February 8, 1950, that the arrangements had been made. It is their contention that on that day the act of sale was not prepared, no tender was made to them of the property and they were told by Blache that all arrangements would be made in a short time and that in the meantime they should take physical possession of the property and move into it, but that they refused to do so, stating that they would not take possession until they had .actually received title.
The evidence on the question of fact which is involved, that is, whether or not the financing arrangements had been made, is so overwhelmingly in favor of the plaintiffs that we think it best to decide the matter on that issue rather than on the inter■esting legal question of whether or not the ‘Contract as originally entered into was “un•certain and indefinite and that the contract ■contained a suspensive condition.”
Blache admits that on the day on or before which the act of sale was to have been passed the' act of sale was not ready and that the property was not actually tendered to the plaintiffs, but he says that he told Mr. and Mrs. Wright that the arrangements had been made and that the transaction would be consummated shortly. The plaintiffs say that Blache told them no such thing and that they did not know until sometime later whether the arrangements had been made for the financing of the credit part of the transaction.
■ Blache contends that; long before the day on which the title was to have been transferred, Mrs. Wright indicated clearly that she did not want to take title to the property and gave him reason to believe that she was going to refuse to do so. Nevertheless, with this knowledge and knowing that his commission might depend upon forcing the plaintiffs to take title, he allowed the dead-line to pass without making any effort to see that the title was tendered to the plaintiffs. We cannot believe that a real estate agent, under such circumstances, would not have exerted every effort to force the plaintiffs to take title.
In addition to this, as we have already said, the oral evidence substantially preponderates in favor of the contentions of the plaintiffs that they were never notified that the financial arrangements had been made, and that when they appeared with the cash portion of the price, ready and willing to take title, they were not told that the financial arrangements had been made and they were told that everything would be completed in a short time.
Under the circumstances, they were justified in refusing to accept title later. It necessarily follows that, since the agent’s commission depended upon the ability of the plaintiffs to secure the necessary loan as stipulated in the contract, he has not earned that commission and the entire deposit should be returned to the plaintiffs.
Of course, Mr. and Mrs. Vasquez are in no way involved, since there is no contention by them that the plaintiffs should take title and no contention by the plaintiffs that title must be transferred to them; in other words, the parties to the contract have *430 treated it as terminated. It necessarily follows that the judgment ordering Gerald Blache to return the deposit is correct.
For these reasons, the judgment appealed from is affirmed at the cost of appellant.
Affirmed.