**KIMBROUGH et al. v. GROSS.**

No. 28887.

St. Louis Court of Appeals.

Missouri.

May 18, 1954.

Jerome F. Duggan, Sidney W. Horwitz, Dubinsky & Duggan, St. Louis, for appellant.

Bartley & Bartley, Ralph H. Schnebelen, St. Louis, for respondents.

HOUSER, Commissioner.

Action by William P. and Clothilda Kimbrough to recover from Bernard A. Gross, d/b/a Bernard A. Gross Real Estate Company, the sum of $500 deposited with the latter under an earnest money contract for the sale of certain real estate in the City of St. Louis.

The petition named the owners of the real estate and alleged that defendant broker was their agent; the execution on July 17, 1950 of a written earnest money contract between plaintiffs, the owners and defendant, for the sale of the real estate; the deposit by plaintiffs with defendant of the sum of $500 as earnest money under the agreement; failure to meet the provisions of the agreement relating to financing, in that a loan could not be made according to the terms of the agreement; alteration by defendant, without the consent of plaintiffs, of the terms of financing contained in the original agreement; the giving by plaintiffs of notice to defendant of election to rescind the contract, upon notification of plaintiffs by defendant that he could not obtain a loan upon the terms set out in the agreement; that the $500 is in the hands of defendant; and demand for and refusal to return the $500 earnest money deposit. The answer was a general denial. The jury returned a verdict upon which judgment was rendered for plaintiffs for $578.75, including interest. From that judgment defendant has appealed.

During the preliminary negotiations Kimbrough told Gross that plaintiffs would buy the property for $12,000, $2,000 down and the balance to be carried by a long term loan; that plaintiffs required a long term loan and did not want to buy the property on any other basis. Gross, whose business was that of real estate, insurance and loans, expressly promised that he was going to get the loan "carried." He told Kimbrough that while he could not get a 20-year FHA loan, he was sure he could get a 15-year loan on the property; that it could be handled on a long term loan basis; that he thought he could get his father, a real estate

man, to "carry" it. This was "at the beginning of the contract." On July 17, 1950 plaintiffs as purchasers and Bernard Gross as agent executed a printed form of earnest money sales contract in which Gross acknowledged the receipt of $200 as "earnest deposit," and which recited the sale to the Kimbroughs of the real estate, subject to the approval of the owners, for $12,000, payable $2,500 cash, "balance of $9500.00 to be financed by a 15-year loan. * * * This loan to be obtained within two weeks from date." Additional earnest money in the sum of $300 was to be deposited upon acceptance by the sellers who, by the terms of the contract, had seven days within which to accept. The closing date was 60 days from date. Forfeiture of the deposit to the sellers for the benefit of the agent and as compensation for his services, was provided for if the contract was not closed on time owing to the failure or neglect of the purchasers to comply with the terms of the contract. The sellers executed the contract on time and Kimbrough promptly paid the additional $300 earnest money. At the time he paid the additional $300 Kimbrough was still under the impression that he and his wife were going to be able to get the property on a long term loan as defendant had promised. Some three days later Gross, unable to obtain a loan of $9,-000 on a 15-year basis, requested Kimbrough to go out and see if he could not get someone to finance the property on a 15-year basis. Kimbrough went to two financial institutions, but was unable to procure a loan upon those terms. When Gross gave plaintiffs a receipt for the $300 Gross took the copy of the contract which plaintiffs had in their possession and returned to plaintiffs a different contract on which an amendment was written in ink, purporting to have been made on July 24, 1950, providing for a $6,500 first deed of trust for 15 years and a $3,000 second deed of trust for 10 years. Defendant told Kimbrough that he could not get the long term loan and that he was going to "try for a first and second deed" of trust. Kimbrough informed defendant that under no consideration did he want a first and second deed of trust. Defendant was unsuccessful in his efforts to get plaintiffs to agree to the new terms of financing. On August 18, 1950 plaintiffs wrote a letter to Gross rescinding the contract for failure on the part of Gross to obtain the financing as agreed, and requesting the return of the $500. Gross having failed to return the deposit, this suit followed.

The evidence for defendant indicated that he did not agree to procure a $9,500 loan; that Kimbrough agreed to the amendment of the terms of financing and that plaintiffs then refused to consummate the sale after tender by the sellers.

■ Defendant contends that the petition fails to state a claim upon which relief can be granted and that plaintiffs failed to make a submissible case. Both contentions are disallowed. Both contentions are based upon the theory that this is a suit for the breach of an express written contract; that defendant was acting merely as an agent for principals who were disclosed; that defendant's acts within the scope of his authority are to be considered as those of his principals, as a consequence of which he cannot be made personally liable. While it is true that plaintiffs' rights grew out of a transaction involving a writing which was intended to become a contract, this is not a suit for breach of an express contract. Plaintiffs are not relying upon the existence and breach of the contract as the basis of their action; indeed, they rescinded the contract. The theory of plaintiffs' action is that of money had and received. They seek to recover the earnest money deposit paid under the contract in reliance upon the undertaking of defendant broker to arrange the financing, which was required in order to consummate the contract. The earnest deposit was made by plaintiffs as a part of the cash consideration for the property and only for the purpose of being applied upon the purchase price. The broker obtained the deposit for that express purpose, and upon the implied condition that in the event of the broker's failure to arrange the financing the broker was to refund the deposit made by plaintiffs. The money deposited was that of

plaintiffs. It was to have become the property of the sellers, or of the broker as a part of his commission, only if and when the transaction was consummated. Defendant broker received the deposit in a fiduciary capacity. In his hands the deposit became a trust fund. "* * * when the purpose for which the plaintiff[s] had been persuaded to entrust the funds to the broker failed, it became the broker's duty, as trustee of that fund * * to return that sum to the plaintiff[s] * * even in the absence of an express promise so to do." Quoting and paraphrasing from Phillip Metropolitan Colored Methodist Episcopal Church v. Wahn-Evans & Co., 153 Ohio St. 335, 91 N.E.2d 686, 690, 17 A.L.R.2d 1007. See also in this connection Wright v. Blache, La.App., 1953, 65 So.2d 427.

■ Defendant was not entitled to rely upon the provisions of the earnest money contract because defendant (1) failed to perform his agreement to arrange the financing, and (2) materially altered the contract without plaintiffs' knowledge or consent. McClure v. H. R. Ennis Real Estate & Investment Co., 219 Mo.App. 112, 268 S.W. 675. Upon rescission the purchasers were entitled to a return of their deposit retained by the broker where the broker in accepting the deposit agreed that he would arrange the financing needed by the purchasers for the consummation of the purchase, but failed to perform his promise. Wright v. Blache, supra. This is not a case where the earnest money deposit was transmitted by the broker to his principals, the sellers. At all times it has remained in the hands of the broker. Furthermore, in this case the sellers acquiesced in the rescission and have not insisted upon plaintiffs' performance under the contract.

■ The rule relied on by defendant that a broker acting for a disclosed principal is not liable upon the contract is inapplicable. The fact that Gross was acting as an agent of the sellers, and that their identity was known to plaintiffs, did not relieve Gross either of the obligation to

perform his independent promise to arrange the financing or of the implied obligation to return the earnest money deposit upon failure to perform that promise.

■ These considerations also dispose of the point that the court erred in admitting the earnest money contract in evidence. Although not the basis of plaintiffs' claim, the existence of the contract was a proper evidentiary part of plaintiffs' case. It was relevant to show the occasion for the making of the deposit. It shed light upon the purpose and intent of the parties in connection with the promise of defendant to arrange the financing. Bell-Carns Realty Co. v. Drennen, 219 Ala. 450, 122 So. 424.

■ Defendant further contends that there was no pleading or evidence that defendant bound himself personally; that the earnest money contract contained no requirement that defendant obtain a loan for $9,500; that the record is silent thereon, and that plaintiffs' Instruction No. 1 erroneously required a finding by the jury that under the terms of the contract defendant agreed to and was to obtain a 15-year loan for $9,500, because there was no evidence of this fact. There is no merit in this contention. Whether it was defendant's obligation to arrange plaintiffs' financing of the balance over and above the cash payment was a contested issue of fact. Kimbrough testified positively that defendant promised "at the beginning of the contract" to get that sum of money "carried." Defendant did not object to the introduction of this testimony, but joined issue thereon, testifying that he "never undertook to do that;" that it was not his obligation. Defendant's position with respect to the $9,500 loan was considerably weakened by his admission that he did undertake to arrange the financing of the $6,500 and $3,000 first and second deeds of trust, stating that it was "his part" of the transaction—"his obligation"—to go out and get those loans. Although the petition did not allege defendant's promise as clearly and specifically as it might have been, we treat the issue as if it had been raised in

the pleadings, since it was tried by the consent of the parties. Section 509.500, RSMo 1949, V.A.M.S.; Schroeder v. Zykan, Mo.App., 255 S.W.2d 105, loc. cit. 112.

Defendant further complains of the finding required by Instruction No. 1 that defendant amended the written contract, changing the terms of financing. Defendant says that plaintiffs cannot sue upon a cause of action for express contract and recover on the basis of fraud. The action, however, was based neither upon the earnest money contract as such nor upon fraud, but on the theory of money had and received. The required finding properly was included in the instruction for two reasons: (1) to negative the defense interposed by Gross, who contended that plaintiffs breached an amended contract to which plaintiffs had agreed and (2) in connection with the question of justification for plaintiffs' rescission of the earnest money contract.

The complaint that parol evidence was inadmissible to explain the ambiguity comes too late. There was no objection on that ground at the trial. The evidence was admitted, the issue was contested, and the objection thereby was waived.

We conclude that the petition states a claim upon which relief may be granted; that the trial court properly allowed the introduction of the contract in evidence; that plaintiffs made a submissible case, and that Instruction No. 1 correctly declared the law applicable to plaintiffs' theory of the case. The Commissioner recommends that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

ANDERSON, P. J., BENNICK, J., and ADAMS, Special Judge, concur.