**Bishop Scott HILL, Appellant,**

v.

**Robert L. EVANS, Appellee.**

No. 1645.

Municipal Court of Appeals for the District of Columbia.

Argued June 13, 1955.

Decided July 25, 1955.

---

Nathan Friedenberg, Washington, D. C., for appellant.

Charles K. Brown, Jr., Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

This appeal is from a judgment denying recovery to plaintiff of $100 which he had left with defendant, a real estate broker, under the following circumstances. Plaintiff and three companions inspected a church property in the company of a saleswoman employed by the broker. They expressed interest in buying the property, but stated they could not pay the asking price of $45,000; that they could not pay over $30,000, and that "this had to come from the Trustees"; and "to show that they were really interested" plaintiff gave the saleswoman a deposit of $100, for which she gave him a receipt. The parties then went to the broker's office and discussed the matter with him. He took the $100, but said that in a transaction of this size he would require more money as a deposit and told plaintiff to bring in an additional $400 or $500 in ten or fifteen days. Plaintiff brought no additional money and later asked for the return of the $100. His request was refused and this action followed.

In denying plaintiff a recovery the trial court ruled that plaintiff breached his agreement with the broker by failing, within the prescribed time, to deposit the additional money. This appeal challenges the correctness of that ruling.

It is obvious that this is not the usual case of a deposit accompanying an offer to purchase real estate, for both parties agreed that no offer was ever made. The negotiations amounted to nothing more than a preliminary discussion of a possible proposed offer. The only agreement, if any, was between plaintiff and the broker. The broker testified that plaintiff "agreed" to bring in the additional money. Assuming he did so, we see no consideration which would make such agreement a binding and enforceable obligation. Certainly neither the owner of the property nor the broker bound himself to do anything. There was no contract between plaintiff and the broker; the broker did nothing for which he was entitled to compensation from plaintiff; and we know of no rule of law which prevents plaintiff from recovering that which is his. We think this is a case where " 'the circumstances are such that equitably the defendant should restore to the plaintiff what he has received.' " Atlantic Coast Line R. Co. v. State of Florida, 295 U.S. 301, 310, 55 S.Ct. 713, 717, 79 L.Ed. 1451, quoting from Johnston v. Miller, 31 Nova Scotia (Gel. & Russ.) 83, 87. Cf. Phillip Metropolitan Colored Methodist Episcopal Church v. Wahn-Evans & Co., 153 Ohio St. 335, 91 N.E.2d 686, 17 A.L.R.2d 1007.

Reversed with instructions to enter judgment for plaintiff.