## CITY OF BATTLE CREEK *v.* BARNES.

1. STATUTES—PARTIAL INVALIDITY—OTHER PROVISIONS.
    Act No. 392, Local Acts 1905, amendatory of the charter of Battle Creek, though invalid as to the provision therein attempting to create a municipal court for the city, is valid as to the provision changing the term of office of the mayor, eliminating the provision for his compensation, and placing a restriction on continuous holding of the office by the same person, since the invalid portion may be eliminated and leave the part relating to the mayor in force.

2. MUNICIPAL CORPORATIONS—OFFICERS—COMPENSATION—UNLAWFUL PAYMENT—RECOVERY.
    Money paid to the mayor of a city as salary, on the supposition that a statute repealing the provision of the charter providing a salary was void, when in fact it was valid, may be recovered back.

Error to Calhoun; North, J    Submitted February 26, 1906.   (Docket No. 226.)   Decided March 20, 1906.

Assumpsit by the city of Battle Creek against George S. Barnes for money had and received.   There was judgment for plaintiff, and defendant brings error.   Affirmed.

*Bernard J. Onen*, for appellant.

*O. S. Clark*, for appellee.

OSTRANDER, J.    Act No. 430, Local Acts 1899, entitled "An act to amend and revise the charter of the city of Battle Creek," with the amendments from time to time made thereto, creates a municipal corporation and contains the legislative plan for the government and control thereof.    By Act No. 392, Local Acts 1905, the local judicial system was attempted to be changed.    The change was ineffective.    *Attorney General, ex rel. Hooper,* v. *Loomis,* 141 Mich. 547.    By the same act the term of office of the mayor of the city was changed, a provision of the old charter providing for his compensation was eliminated, and a restriction placed upon continuous holding of the office by the same person.    All acts or parts of acts inconsistent with or contravening the amendatory act are expressly repealed.    It is urged here that the amendatory act has no force or effect because (1) it fails to provide for the election of justices of the peace; (2) it diminishes the term of office of justices now in office; (3) the portion of the act declared unconstitutional by this court is so related to and forms such a part of the scheme of the whole act that no part of it can be sustained.    If the third contention is resolved against appellant, the other two will require no attention.

A very small part of the charter is attempted to be amended.    Those parts not amended remain in force.    There is nothing to forbid the assumption that the legislature intended to change the provisions relating to the office of mayor, and intended, also, at the same time, to change the provisions relating to justices of the peace and to substitute new provisions therefor.    No reasons for either change suggest themselves which would apply to support the other.    The change of either, in the manner attempted, in no way affects the other.    Eliminating from the amendatory act the provisions establishing a municipal court

143 MICH.—26.

leaves nothing remaining which is inconsistent with those provisions of the act amended relating to the same subject-matter. The charter as amended is as complete and in every way as effective as it was before the amendments were made. Counsel for appellant cites and relies upon *People* v. *Hiller*, 113 Mich. 209, in which it is said that where an act or portion of an act is amended "so as to read" in a prescribed way, that the section amended is entirely repealed. But in that case the amendatory section was valid.

That part of the amendatory law which is invalid has no force or effect. It may be eliminated and leave the portion relating to the office of mayor in force. The city having recovered judgment against the mayor for moneys paid to him as salary upon the supposition that the amendatory act was entirely invalid, the judgment is affirmed.

CARPENTER, C. J., and McALVAY, HOOKER, and MOORE, JJ., concurred.