LLOYD B. DUNNE *vs.* CITY OF FALL RIVER.

Bristol. October 22, 1951. — January 31, 1952.

Present: QUA, C.J., LUMMUS, WILKINS, & WILLIAMS, JJ.

*Fall River. Municipal Corporations*, Officers and agents, Contracts, Recovery of payment. *Contract*, Validity, With municipality, Of employment, Performance and breach. *Frauds, Statute of. · Restitution. Payment. Volunteer.*

An oral contract of employment without limit of time was not within the statute of frauds since it was capable of being performed within one year.

The board of finance of Fall River had no power under St. 1931, c. 44, to bind the city by a contract to pay one compensation for inducing industries to locate therein, and he could not recover such compensation in an action against the city.

Under a contract to pay one a commission "for bringing [an industrial concern] into" a city, he did not earn the commission where, although he induced the concern to agree to locate in the city, the concern actually never started operations therein.

One, to whom a city had paid a commission which he had not earned under the terms of a purported contract made in behalf of the city without authority and not binding on it, was liable to the city for the amount so paid to him.

CONTRACT. Writ in the Superior Court dated December 26, 1942.

The action was tried before *Fairhurst*, J.

*W. A. Torphy*, (*T. C. Crowther* with him,) for the plaintiff.
*J. T. Farrell*, Corporation Counsel, for the defendant.

LUMMUS, J. In this action of contract the plaintiff seeks compensation for services in inducing industrial concerns to locate in the defendant city. The defendant answered with a general denial, a claim of payment, and an assertion that any contract was one not to be performed within one year

which without a sufficient memorandum could not be enforced under the statute of frauds. The defendant declared in set-off for $12,500 paid to the plaintiff by the city for inducing one Crieger to locate in the city, which the plaintiff failed to accomplish, whereby the consideration has failed.

In the Superior Court the case was heard mainly on the report of an auditor, which was the only evidence introduced by the plaintiff. His report was prima facie evidence of the facts contained in it. *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564. The auditor found an oral employment of the plaintiff by the Fall River board of finance on April 28, 1939, at a commission based on the verified annual payroll of any industry that he might bring into Fall River, with an expense account of $60 a week. Such commission was to be one per cent of a payroll up to $500,000, and an additional one half of one per cent on that part of a payroll in excess of $500,000. Under this oral employment the plaintiff succeeded in bringing into Fall River three concerns with an estimated aggregate annual payroll of $375,000, for which he was paid commissions of $3,750. On April 22, 1941, the oral employment was reduced to writing and signed by the members of the board of finance. Later the plaintiff induced one Young, with an estimated annual payroll of $1,000,000, and one Crieger with an estimated annual payroll of $2,000,000, to agree to locate in Fall River, but the former, when he finally located in Fall River, did so with an estimated annual payroll of $900,000, and the latter never started business in Fall River at all. On July 11, 1941, the board of finance discharged the plaintiff, whose employment was at will.

The auditor found for the plaintiff for $7,522.86, with interest from July 29, 1941. In the Superior Court the defendant introduced evidence that $18,000 was paid by the city to the plaintiff for services after the mayor and city council had appropriated the money on order of the board of finance. Subject to the plaintiff's exception, the judge struck out all testimony and findings of the auditor about the alleged contract with the plaintiff. The judge

directed a verdict for the defendant on the plaintiff's claim, and directed a verdict for the plaintiff on the defendant's declaration in set-off, thus ruling that neither party could recover against the other. Both parties excepted. The defendant also excepted to the denial of a motion for a directed verdict in its favor on its declaration in set-off.

The Fall River board of finance was created by St. 1931, c. 44. It was empowered to issue certain bonds and notes. It was given control over the use of money raised under the act, provided such money was used for certain specified purposes. By § 7 it was provided that "The board may employ such experts, counsel and other assistants, and incur such other expenses as it may deem necessary." By § 8 "The board shall have supervision over the financial affairs of said city, and no appropriations shall be made, and no debt incurred, except with the approval or upon the recommendation . . . of the board . . . ." The amendments made by St. 1931, c. 403, and St. 1941, c. 538, are not material to this case. Nothing in these statutes gives any power to the board to expend money or to make contracts to induce industries to locate in Fall River. No suggestion to that effect is found in any case in which the relevant statutes have been discussed. *Broadhurst* v. *Fall River*, 278 Mass. 167. *Paquette* v. *Fall River*, 278 Mass. 172. *Ashton* v. *Treasurer of Fall River*, 287 Mass. 276. *Openshaw* v. *Fall River*, 287 Mass. 426.

The statute of frauds, though set up by the defendant, has no application, for the contract was capable of being performed within a year, since the employment of the plaintiff had no limit of time. *Larson* v. *Jeffrey-Nichols Motor Co.* 279 Mass. 362, 365.

Statute 1931, c. 44, § 8, provides that "The board shall have supervision over the financial affairs of said city, and no appropriations shall be made, and no debt incurred, except with the approval or upon the recommendation or requisition of the board, which approval, recommendation or requisition shall be in writing." The bill of exceptions states that the city auditor testified before the Superior

Court that "no order was made by the board of finance to pay the plaintiff for any of the services claimed in the declaration." Moreover, the auditor found with respect to the plaintiff's claim for $7,000 for bringing the Precision Company into Fall River "that no requisition was made by the Fall River board of finance on the city council to pay this commission." But we think that the defendant city was entitled to prevail against the plaintiff's claim, for the more fundamental reason that the board of finance was not authorized by the statute to employ the plaintiff for the purpose for which he was employed. In *Fluet* v. *McCabe*, 299 Mass. 173, 178, this court said, "The officers of cities and towns have only such powers to bind their municipalities by contract as are conferred by the express terms or necessary implications of statutes. Benefit to the city or town is of no consequence in this connection." The plaintiff, in dealing with the board of finance as the purported representative of the city, was bound at his peril to ascertain the extent of its statutory authority. *Wormstead* v. *Lynn*, 184 Mass. 425, 428. *Bartlett* v. *Lowell*, 201 Mass. 151, 155. *Meader* v. *West Newbury*, 256 Mass. 37, 39. *Adalian Brothers, Inc.* v. *Boston*, 323 Mass. 629, 631. *Ryan* v. *Somerville*, *ante*, 324. Since the board of finance had no power to bind the city by its contract with the plaintiff, there was no error in the direction of a verdict for the defendant city upon the plaintiff's declaration, nor in the unnecessary action of striking out all testimony and findings of the auditor about the alleged contract with the plaintiff.

The defendant's exception to the action of the judge in directing a verdict for the plaintiff Dunne upon the declaration in set-off of the defendant city, seeking repayment of a commission of $12,500 paid the plaintiff by the city for inducing one Crieger to locate in Fall River, presents rather more difficulty. The auditor found, without contradiction in the evidence, that Crieger "never started business operations in Fall River." But he made the inconsistent finding that in the "Crieger transaction I find he [the plaintiff] did everything required of him under his contract and was

entitled to the commission paid." The contract of the plaintiff with the board of finance provided for a commission only on the "annual payroll of any industry that he is responsible for bringing into Fall River." We think that he did not "bring" an industry into Fall River if that industry never started business operations in Fall River, and that he did not earn under the contract any commission in the Crieger matter. No benefit to the city appears, if that is material.

If the payment to the plaintiff Dunne had been made by a private party, the money paid voluntarily, though without obligation to pay, could not have been recovered back. *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527. *Kirchner* v. *Pittsfield*, 312 Mass. 342, 345. *Lasquade* v. *Lippa*, 322 Mass. 287, 290. In the present case the city had no obligation or right to pay, and Dunne had no right to the public money which was paid. Under these circumstances an exception exists by which "a State or subdivision thereof" may recover the money paid, whether it was paid under a mistake of fact or a mistake of law. Restatement: Restitution, § 46 (a). This proposition is supported by the great weight of authority. *Wisconsin Central Railroad* v. *United States*, 164 U. S. 190, 212. *Petaluma* v. *Hickey*, 90 Cal. App. 616. *Heath* v. *Albrook*, 123 Iowa, 559. *State* v. *Young*, 134 Iowa, 505. *Biddeford* v. *Benoit*, 128 Maine, 240. *County of Wayne* v. *Reynolds*, 126 Mich. 231. *Battle Creek* v. *Barnes*, 143 Mich. 400. *Normania* v. *County of Yellow Medicine*, 205 Minn. 451. *Demarest* v. *New Barbadoes*, 11 Vroom, 604. *County of Cayuga* v. *State*, 112 Misc. (N. Y.) 517. *Bismarck* v. *Burleigh County*, 49 N. D. 205. *County of Allegheny* v. *Grier*, 179 Pa. 639. *Warwick* v. *Barber*, 32 R. I. 445. *Frederick* v. *Douglas County*, 96 Wis. 411. In our opinion the defendant city is entitled to recover from the plaintiff Dunne the commission claimed in the declaration in set-off.

The result is that the plaintiff's exceptions are overruled and those of the defendant are sustained.

*So ordered.*