## 35463. McGINLEY v. CHAPPAS.

TOWNSEND, J. 1. An exception to the general rule that proper payment to the authorized agent of a disclosed principal, not induced by fraud, accident, or mistake, is payment to the principal in contemplation of law where suit is brought by the payor for its return, is recognized in cases where a binder or earnest money for the sale of property is turned over to a sales broker during the pendency of a conditional contract of purchase. In such cases, if the money is not turned over by the agent to the principal during a time when the principal is authorized to receive it, the payor, if entitled to its return, may recover it back directly from the agent. *Kenney* v. *Walden,* 28 *Ga. App.* 810 (1) (113 S. E. 61).

2. Where, in such conditional contract of purchase, earnest money is turned over to the sales broker to be held by him during the pendency of the contingency, and, upon the determination thereof, to be disposed of as set out in the contract, an escrow agency in the sales broker is created. Where the contract provides that, "in the event the sale is

not consummated for reasons other than default of purchaser, the earnest money is to be refunded to the purchaser," the escrow agent is not authorized to turn the money over to the seller where the contract of sale is expressly contingent upon the purchaser's ability to obtain a specified mortgage loan, and where he is unable to obtain such loan. In such a case the purchaser has a right to demand the money back from the sales broker, and an action against the seller, who never received the money, will not lie. *Carter* v. *Turbeville,* 90 *Ga. App.* 367 (83 S. E. 2d 72).

3. The contracts of sale in this case and in the case of *Carter* v. *Turbeville,* supra, are identical except as to names, dates, amounts, and property involved. It follows that the plaintiff purchaser here properly brought his suit for money had and received against the defendant sales broker to recover earnest money when the contingency of obtaining a loan, upon which the contract was predicated, failed to materialize. Nor was it necessary, as against demurrer, to allege specifically that the defendant broker had not turned the earnest money over to the seller. Under the terms of the pleaded contract, the broker would have been without authority to do so, as the sale was not consummated due to no default on the part of the purchaser, and therefore the escrow agent could not in good faith have paid over the money to either party until the contingency was determined, which would authorize him to (a) deduct his commission and pay the excess to the seller, or (b) return the whole amount to the purchaser. A delivery in violation of the terms of such agreement is ineffective, and no rights arise to any party thereby. *Hansford* v. *Freeman,* 99 *Ga.* 376 (27 S. E. 706). An agent, unless protected by turning the money over to his principal in good faith, is personally liable for its repayment. It was the duty of the broker to hold the money, without paying it to anyone, until the contingency was determined. Under the allegations here, no point of time existed when the fund might, in good faith, have been paid to the seller, for, at the instant the defendant's duty to hold it ceased, his duty to return it to the purchaser commenced. Accordingly, the action for money had and received was properly brought against the real-estate agent who had received the fund.

The trial court did not err in overruling the demurrers to the petition.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 27, 1955.

*Ralph L. Crawford,* for plaintiff in error.
*Harry P. Anestos,* contra.

