## STATE, use of EMPLOYMENT SECURITY BOARD v. RUCKER et al.

[No. 207, October Term, 1955.]

*Decided November 7, 1956.*

The cause was argued before COLLINS, HENDERSON and HAMMOND, JJ., and HENDERSON, J., Chief Judge of the Fourth Judicial Circuit, specially assigned.

*James N. Phillips* and *Bernard S. Melnicove, Special Assistant Attorney General,* with whom was *C. Ferdinand Sybert, Attorney General,* on the brief, for appellant.

*William A. Fisher, Jr.,* with whom were *William D. Macmillan* and *Semmes, Bowen & Semmes* and *Cravath, Swaine & Moore* on the brief, for appellee, Bethlehem Steel Company.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a judgment for the appellees in a case tried before the trial court without a jury.

The facts, as stipulated between the parties, are as follows:

One of the appellees, Lucy A. Rucker, was employed by the Bethlehem Steel Company (Shipbuilding Division), (Bethlehem), the other appellee, on January 19, 1944, as a welder. Due to the reduction in the working force at Bethlehem on June 13, 1949, Lucy A. Rucker and other welders were laid off from work. On August 2, 1949, Bethlehem recalled certain welders to work. However, it failed to recall Lucy A. Rucker, who, by reason of her seniority, was entitled to be recalled under the terms of a collective bargaining agreement between Bethlehem and Industrial Union of Marine and Shipbuilding Workers of America, C. I. O.

In accordance with the terms of such agreement, Lucy A. Rucker filed a grievance with Bethlehem in which she alleged that it had breached such agreement by failing to recall her to work on August 2, 1949, and her claim in that regard was submitted to arbitration before I. Robert Feinberg, an Impartial Umpire. On June 8, 1951, the Umpire rendered the following decision which, by the terms of said agreement, was final and binding upon the parties: "The Company is directed to recall and reinstate Lucy Rucker and Margie Moore (assuming they would not have been laid off subsequent to the hearings, based upon seniority), and to pay them their regular rates of pay for the periods during which they would have been employed had they been recalled in accordance with their seniority from August 2, 1949, to date, less any sums earned by them elsewhere during those periods, and any unemployment insurance received by them for unemployment during those periods."

If Bethlehem had recalled Lucy A. Rucker for work on August 2, 1949, she would have worked from that date through August 23, 1949, and from December 16 through December 30, 1949. For those periods when she would have worked, had she been recalled, Lucy A. Rucker had filed claims against the Department of Employment Security and stated that she was not then rendering services or receiving remuneration from any employer, and she received, as a result of those claims, unemployment compensation from the Department of Employment Security, the appellant, in the amount of $110.00.

Following the above decision of the Umpire, Bethlehem complied in full with such decision and paid Lucy A. Rucker an amount equal to the pay that she would have received from Bethlehem had she worked during the aforesaid periods when she should have been recalled, less such sums as she earned elsewhere, and less unemployment insurance compensation payments in the amount of $110.00 which she received as aforesaid. The plaintiff, appellant, has requested that Lucy A. Rucker and/or Bethlehem pay to the plaintiff, appellant, the said sum of $110.00 but they have failed and refused to do so.

Following the refusal of the appellees to pay, the appellant, as plaintiff, filed a declaration at law against the appellees, as defendants, in a special count alleging substantially the facts set out in the aforesaid stipulation and demanding $650.00 as damages. It was determined, as set forth in the above stipulation, that the claimant would not have had full time work throughout her claim period even if she had been recalled on August 2nd because there were short term layoffs after that date of persons with her seniority. It was therefore agreed by all the parties to this case that the back pay receivable by the claimant should be reduced to $110.00 instead of $650.00 as originally claimed. The appellant therefore claims $110.00 instead of the $650.00 as originally stated in the declaration. From a verdict rendered by the trial court for the defendants, appellees, for costs, the appellant appeals.

From the above stipulation it is evident that the $110.00 here in dispute was deducted by Bethlehem from Lucy A. Rucker. It is admitted by all the parties that Bethlehem has this amount at the present time. The Board paid the money for the account of Bethlehem. We must therefore hold that judgment should be rendered in favor of Lucy A. Rucker.

The question therefore before us is whether the appellant should recover the sum claimed from Bethlehem. Appellant relies strongly on the following provisions of the statute, Code, 1951, Article 95A, Section 2: "* * * The Legislature, therefor, declares that in its considered judgment the public good, and the general welfare of the citizens of this State require the enactment of this measure, under the police powers of the

State, for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own." Section 16 (d) : "Any person who, by reason of the non-disclosure or misrepresentation by him or by another, of a material fact (irrespective of whether such non-disclosure or misrepresentation was known or fraudulent) has received any sum as benefits under this Article while any conditions for the receipt of benefits imposed by this Article were not fulfilled in his case, or while he was disqualified from receiving benefits, shall, in the discretion of the Board, either be liable to have such sum deducted from any future benefits payable to him under this Article or shall be liable to repay to the Board for the unemployment compensation fund, a sum equal to the amount so received by him, and such sum shall be collectible in the manner provided in Section 14 (f) of this Article for the collection of past-due contributions." Section 19 (1) : " 'Unemployment.' An individual shall be deemed 'unemployed' in any week during which he performs no services and with respect to which no wages are payable to him * * *." Compare *Employment Security Board v. Spiker,* 194 Md. 351, 71 A. 2d 299.

It is admitted by all parties that there was no known or fraudulent non-disclosure or misrepresentation by anyone in this case. It is not necessary that we decide whether appellant can recover from Bethlehem under the provisions of that statute. Even if we should assume, without deciding, that recovery against the employee would not lie under the statute, we find nothing in the statute that would deny recovery against an employer or third party under common law principles. We are of opinion that, as claimed by the appellant, under the principle of unjust enrichment or restitution, recovery should be had by the appellant from Bethlehem.

It was said by Lord Mansfield in *Moses v. Macferlan,* 2 Burrows 1005 : "If the defendant be under an obligation, from the ties of natural justice, to refund; the law implies a debt, and gives this action, founded in the equity of the plaintiff's case, as it were upon a contract, ('quasi ex contractu',) * * *. * * * the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of

natural justice and equity to refund the money." It is stated in *Poe on Pleading, Tiffany Edition,* Section 117, in reference to the count for money had and received: "This count is commonly said to be equally remedial with a bill in equity, and, in general terms, lies whenever the defendant has obtained possession of money which, in equity and good conscience, he ought not to be allowed to retain." Mr. Poe relied on *Moses v. Macferlan, supra.* See also *Murphey v. Barron,* 1 Harris & Gill 258. While there was only a special count in the declaration here, the facts are set out with sufficient particularity to be treated as a count for money had and received.

It is said in the case of *People of State of Illinois v. City of St. Louis, et al.,* 10 Ill. Rep. 351, 366: "The question of jurisdiction may be disposed of in few words. Independent of any statutory provision, the State as a political corporation has a right to institute a suit in any of her Courts, whether it be required by her pecuniary interests or the general public welfare demand it." In *City of Bismarck v. Burleigh County,* 49 N. D. 205, 190 N. W. 811, the County presented a bill for payment by the City of a proportionate share of maintaining a mother's pension. This bill was paid by the City in good faith under a mistaken belief of the law by all parties. There, recovery was allowed the City since it was under no moral or legal obligation and its officers had no right to give away the City's money. In *Inhabitants of City of Biddeford v. Benoit,* 128 Me. 240, 147 A. 151, the City mistakenly paid the premium on a contractor's bond. It was there held that the City having mistakenly paid the bill could recover under the theory of restitution. The Court there said that the weight of authority and the sounder principle supported the right of recovery of payments of public money, although voluntarily paid under a mistake of law. In *State v. Young,* 133 Iowa 127, 110 N. W. 292, the Secretary of State mistakenly approved a bill which overcharged for work done by the appellee and voluntarily paid it. It was held that restitution should be made. In *Dunne v. City of Fall River,* 328 Mass. 332, 104 N. E. 2d 157, the City had engaged the appellee to promote business within its limits and paid him for

his supposed services in persuading a company to do business there. However, the company later decided not to set up business in the City and the City sought to recover from the appellee the fee paid. The Court said in that case: "In the present case the city had no obligation or right to pay, and Dunne had no right to the public money which was paid. Under these circumstances an exception exists by which 'a State or subdivision thereof' may recover the money paid, whether it was paid under a mistake of fact or a mistake of law. *Restatement: Restitution,* s. 46(a). This proposition is supported by the great weight of authority." As a basis for this statement the Court cited cases from many jurisdictions. In *Aebli v. Board of Education,* 62 Cal. App. 2d 706, 145 P. 2d 601, the paymaster of the Board of Education erroneously interpreted salary schedules and resolutions adopted by the Board, and erroneously overpaid the teachers. After discovering the mistake the overpayments were deducted from the salaries of the teachers, who contested the deductions. The Court, in holding that the overpayments were properly deducted, stated that money paid by a governmental agency under either mistake of fact or of law may be recovered from the payee and that the good faith of the payee in no way affected the applicability of the rule. Many cases are there cited to sustain this position. See also *Cayuga County v. State,* 112 Misc. Rep. 517, 183 N. Y. S. 646. In *United States v. Bank of Metropolis,* 40 U. S. (15 Pet.) 377, 10 L. Ed. 774, it was held that the United States could sue in absence of statute to recover credits mistakenly and unauthorizedly made by a postmaster general.

The great weight of authority seems to favor the position that a payment made by a state or political subdivision under a mistake of law is recoverable, distinguishing that situation from the normal rule where payment is made by mistake of law in situations between private parties.

The Maryland courts have recognized that the Unemployment statute is remedial in nature and therefore to be construed liberally in favor of carrying out its purpose. *Compensation Board v. Albrecht,* 183 Md. 87, 36 A. 2d 666; *Celanese Corp. v. Davis,* 186 Md. 463, 47 A. 2d 379. The purpose of

the statute is to compensate the employee for unemployment, not to unduly enrich the employer. If Bethlehem repays the money to appellant, Lucy A. Rucker will receive increased benefits in case of future unemployment.

We must therefore conclude that the appellant should recover from Bethlehem alone the sum of $110.00.

> *Judgment affirmed, with costs, as to Lucy A. Rucker. Judgment reversed, with costs, and judgment entered for appellant against Bethlehem Steel Company (Shipbuilding Division), in the amount of $110.00, with costs.*