## NAOMI BARBARA GALLANT ET AL. *v.* BOARD OF SCHOOL COMMISSIONERS OF BALTIMORE CITY ET AL.

[No. 35, September Term, 1975.]

*Decided October 6, 1975.*

The cause was argued before MENCHINE, LOWE and MELVIN, JJ.

*Leonard J. Kerpelman* for appellants.

*Harvey L. Okun, Assistant City Solicitor,* with whom were *Benjamin L. Brown, City Solicitor,* and *Blanche G. Wahl, Chief Solicitor,* on the brief, for appellees.

LOWE, J., delivered the opinion of the Court.

This matter arose in the Circuit Court of Baltimore City, and comes to us because Judge Joseph C. Howard sustained a demurrer without leave to amend, which determination constitutes a final judgment from which an appeal may be taken. Md. Rule 345 e. Because Naomi Barbara Gallant considered an enforced transfer from a teaching position in one Baltimore City school to another, as discriminatory, undesirable, disadvantageous and racially motivated, she sought to enjoin her employers, the Board of School Commissioners of Baltimore City and its Superintendent. She grounded her complaint upon Article IV of the Baltimore City Code, Sec. 10 (1):

"10.

Except where a particular occupation or position

reasonably requires, as an essential qualification thereof, the employment of a person or persons of a particular race, color, religion, national origin, ancestry or sex and such qualification is not adopted as a means of circumventing the purpose of this subtitle, *it shall be an unlawful practice*:

(1) *For any employer to discriminate against an individual with respect to* hire, tenure, promotion, terms, conditions or privileges of employment or *any matter directly or indirectly related to employment*; . . . ." [Emphasis added].

Sec. 9 (6) defines discrimination as meaning among other things:

" . . . any difference in the treatment of an individual or person because of race, . . . ."

Her bill of complaint asserted a breach of the ordinance by appellees with allegations substantially as follows:

1. That the appellant was a school teacher desirably situate in a Baltimore City school.
2. That appellees caused her to be transferred to an undesirable school in that city.
3. That the transfer caused the terms and conditions of her employment to become more "arduous, hazardous, onerous, difficult and rigorous. . . ."
4. That appellant was "selected for such disadvantageous transfer because she is a member of the 'white race', and for that reason alone. . . ."
5. That the transfer was therefore illegal as violating the ordinance aforesaid.

The appellees demurred setting forth four grounds: [1] The

---

1. The demurrer's reasons in toto were:
   "1. Said Complaint is patently defective on its face and insufficient in law in that it fails to allege facts, even if proven, to

first is essentially a common law general demurrer apparently altered slightly to meet the specificity requirements of Md. Rule 345 b. Its only cognizable assertion is that the complaint "fails to allege facts even if proven, to establish . . . a cause of action . . . ."

The second and third grounds are more in the nature of an answer than a demurrer. Each rests upon alleged facts "which [are] not shown in the bill and [are] therefore clearly invalid." *Thomas v. Hardisty*, 217 Md. 523, 528.

The fourth ground asserted appellant's failure to set forth "necessary facts to establish that the action of the Defendant was unreasonable, arbitrary, capricious and contrary to law." While the bill of complaint does not charge defendant with being arbitrary and capricious, it clearly alleges the actions to be "contrary to law" and in direct violation of the municipal ordinance. The factual deficiency alleged will be discussed hereafter.

In a two page opinion and order the chancellor sustained the demurrer without leave to amend. His opinion recited and relied upon a directive

"issued by the United States Department of Health, Education and Welfare. . . ."

---

establish a recognizable cause of action under the law which would entitle the Plaintiff to the extraordinary relief requested.

2. Said Complaint's conclusory charge that the transfer of the Plaintiff from one school to another within the free public school system by the Defendant is unlawful, fails to state a cause of action in equity; the action complained of by the Plaintiff was taken by the Defendant in direct conformity with the law.

3. Said Defendant has a continuing, mandatory obligation under the law to maintain the public school system in a manner consistent with the United States Constitution, Federal, State and municipal law, and to ensure that the last vestiges of racial discrimination are forever removed from said system in both the racial composition of students and faculty assigned to said schools. The exercising of the statutory and constitutional authority and responsibility of said Defendant in the transferring of the Plaintiff is the carrying out of an administrative prerogative which rests within the sound expertise and judgment of said Board and is a discretion imposed in them alone, and unless corruptly exercised is not subject to judicial review.

4. Said Bill of Complaint fails to set forth the necessary facts to establish that the action of the Defendant was unreasonable, arbitrary, capricious and contrary to law."

The existence of such directive is neither mentioned nor alluded to in the pleadings nor was it offered as an appended exhibit.[2] Our knowledge of it comes only in argument from appellees and in the opinion of the court. The opinion explained that the directive ordered appellees:

> "to submit a plan calling for the implementation of faculty desegregation by reassignment to begin September 1, 1974."

The judge then acknowledged a further fact nowhere shown on the face of the bill nor elsewhere in the record, save in appellees' argument:

> "The Board developed the required plan which was then submitted to and approved by HEW and has been in effect since the beginning of the school year."

From that point his opinion presupposes this allusive foundation. Justifying appellees' actions, the court cited *Singleton v. Jackson*, 419 F. 2d 1211:

> " 'The school district shall, to the extent necessary to carry out this desegregation plan, direct members of its staff as a condition of continued employment to accept new assignments.' "

He concludes with the premise that actions by administrative agencies are generally not to be disturbed by the courts, *Wiley, et al., Trustees v. Board Co. School Comm'rs. of Allegany Co.*, 51 Md. 401. Finally he held that:

> "Such discretion was exercised in devising and implementing the aforesaid desegregation plan to achieve racial integration in the City's public

---

2. Appellees also attempt to place the "directive" before this Court in the form of a letter from "Peter E. Holmes, Director, Office of Civil Rights" to Superintendent Patterson, one of the appellees here, by way of footnote in their brief. That action is clearly beyond the proper scope of a brief's contents, Md. Rule 1031. We decline to recognize it for purposes of this appeal. We further note that neither party suggests that Maryland's courts may judicially notice administrative correspondence regardless of its directive nature.

schools. No facts are alleged to indicate any arbitrary, capricious or unreasonable actions on the part of the Board and, therefore, it is the opinion of this Court that it should not interfere."

In short the chancellor decided the case on facts that were not alleged in the bill of complaint.

## The Test of a Demurrer

When hearing a demurrer to a bill of complaint, the chancellor should assume as true, for the purposes of demurrer, all of the well pleaded facts in the bill of complaint and attached exhibits, as well as the inferences which may be drawn from those well pleaded facts. *Parish v. Md. and Va. Milk Producers Ass'n, Inc.*, 250 Md. 24, 71. In its determination, the court may not assume facts not pleaded as was done here, *Petroli v. Baltimore*, 166 Md. 431, 436, nor may additional facts relied on by a party be supplied. *Nohowel v. Hall*, 218 Md. 160, 164. The ruling is limited to a consideration of the pleading demurred to, and instruments or documents which do not form a part of the pleading may not be considered. *Pullman Co. v. Ray*, 201 Md. 268.

In the instant case the chancellor made no reference to a single fact in the bill of complaint but relied exclusively upon facts known to him personally or supplied him in argument by appellees. When reviewed in the light of those well established principles of equity procedural practice, it is by no means clear to us that the demurrer to the bill of complaint was properly sustained without leave to amend. To the contrary, upon consideration of his opinion setting forth reasons for finally terminating the case, we find his failure to permit amendment to be a "clear showing of an abuse of discretion" compelling reversal. *Somerset v. Montgomery County Board of Appeals*, 245 Md. 52, 61.

Although the Court of Appeals has on at least one occasion permitted a demurrer to be treated as if it were a motion for summary judgment, *Myers v. Montgomery Ward & Co.*, 253 Md. 282, it has never permitted a final judgment based upon facts which were not before the court. While Md.

Rule 345 a 2 [3] provides for determination upon demurrer of any question of law as to pleading which may be decisive of the litigation (including the constitutionality and the application and construction of a statute), the issue must appear on the face of the pleading. When additional facts have to be supplied, the procedure for providing decision without trial in almost every instance, is by motion for summary judgment and not by demurrer. *Fiorita v. McCorkle*, 222 Md. 524, 526; but see *Myers v. Montgomery Ward & Co.*, 253 Md. 282 and *Northover Center v. Dart Drug*, 24 Md. App. 638.

To the limited extent the inartfully drawn demurrer decried the absence of factual foundation in the bill to support the allegations that the transfer was undesirable, and racially motivated in violation of the ordinance, the demurrer was sustainable, but only to the extent of the demurrer's specificity. *Myers v. Montgomery Ward & Co.*, *supra*. Our interpretation (obtained with some effort) of the first and fourth grounds of the demurrer "contemplates at least a reasonably understandable statement", *Thomas v. Hardisty*, 217 Md. 523, 529, which is sufficient to comply with the Court of Appeals' insistence upon the specificity requirement of Md. Rule 345 b. *Kline v. Lightman*, 243 Md. 460, 478; *Balto. County v. Glendale Corp.*, 219 Md. 465, 468. Where an employer's act may be perfectly proper but for the reasons inspiring it, certain and definite allegations of the facts and/or circumstances upon which the illegal motivation is founded should be set forth to permit an informed preparation of defense. Expressions used to characterize acts or conduct, without support by a statement of facts, are mere conclusions or expressions of opinion. *Cf. Livingston v. Stewart & Co.*, 194 Md. 155.

In affirming the sustaining of the demurrer for the limited reason of an insufficient factual predicate in the bill of complaint, we hasten to note that we were not told, as was the *Myers* Court, that the facts could not have been supplemented. *Id.* at 290. To the contrary we were assured

---

3. Md. Rule 345 is made applicable to equity cases through Md. Rule 373.

that the facts were abundantly available although conceived by appellant to be surplusage.

The opportunity to amend should be freely granted [4] "to the end that cases be tried on their merits rather than upon the niceties of pleading." *Hall v. Barlow Corporation*, 255 Md. 28, 39-40.[5] As Judge Barnes points out in that case, it is a "rare situation" which justifies a denial of leave to file an amended bill of complaint. We do not consider the absence of bolstering facts a "rare situation."

> *Order of January 13, 1975, affirmed except as to that part denying appellant leave to file an amended bill of complaint.*
> *Case remanded for the entry of an order granting such leave, with further proceedings in due course thereafter.*
> *Costs to be paid by appellees.*

---

4. See Preissman v. Harmatz, 264 Md. 715; Hall v. Barlow Corporation, 255 Md. 28; Earl v. Anchor Pontiac, 246 Md. 653; Stoewer v. Porcelain etc. Mfg. Co., 199 Md. 146 and Crowe v. Houseworth, 19 Md. App. 688. The trial judge was undoubtedly aware of this time honored concept. We note that he perfunctorily permitted appellees to amend their demurrer without reservation or presumably even a hearing.

5. Coincidentally in the Hall case, as in this case, both parties "in the lower court and before us in their briefs and arguments have presented matters not alleged in the bill of complaint and indeed not in the record in the case." 255 Md. at 42. Indeed appellant here provides not a single authority, and the authorities argued by appellees are inapposite to the issue to be decided. It is presumably such argument that misled the trial judge who seemed to have been persuaded by appellees' argument.