153 N.J. Super. 411 (1977)
379 A.2d 1283
DEPARTMENT OF LABOR AND INDUSTRY OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
DONALD SMALLS AND NEW JERSEY NATURAL GAS COMPANY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 12, 1977.
Decided October 27, 1977.
*413 Before Judges BISCHOFF, KOLE and GAULKIN.
Mr. Mark I. Siman, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Mark I. Siman, Deputy Attorney General, on the brief).
Mr. Gerald W. Conway argued the cause for respondent New Jersey Natural Gas Company (Messrs. Conway, Reiseman, Michals, Wahl, Bumgardner & Hurley, attorneys; Mr. Gerald W. Conway of counsel).
No appearance was made on behalf of respondent Donald Smalls.
The opinion of the court was delivered by KOLE, J.A.D.
Plaintiff Department of Labor and Industry (Department) appeals from the denial of its motion for summary judgment and the dismissal of its complaint against defendants, which sought a refund of unemployment compensation benefits pursuant to N.J.S.A. 43:21-5(b).
*414 The facts are not in dispute. Defendant Smalls, after being indicted on several criminal charges, was given a mandatory leave of absence without pay by his employer, defendant New Jersey Natural Gas Company (Gas Company). Unable to find other employment, Smalls registered for and received unemployment compensation benefits of $2,040 for a period of 24 weeks. After his acquittal of the charges Smalls instituted a grievance procedure seeking to be reinstated by his former employer. Pursuant to the collective bargaining agreement between his union and the Gas Company, the propriety of the mandatory leave of absence without pay was submitted to arbitration.
The arbitrator determined that Smalls was improperly discharged. The arbitration award recited that the Gas Company was to make Smalls "whole for wages lost" but, in calculating the amount of back pay, the Gas Company was to deduct from the gross amount due, among other things, the amount he received in unemployment compensation benefits. The Gas Company complied by deducting $2,040 from the approximately $4,000 in back pay due to Smalls.
In due course the Department, acting pursuant to N.J.S.A. 43:21-5(b), demanded that Smalls refund the total amount of unemployment compensation benefits paid to him. Alternatively, the Department requested payment of the same amount from the Gas Company. When both requests went unheeded, the Department instituted this action against both Smalls and the Gas Company.
The trial judge held in favor of the Gas Company on the grounds that (1) there was no statutory authority to order the employer to refund the unemployment compensation benefits withheld pursuant to the arbitrator's award; and (2) the relief requested would require an unauthorized revision of that award, which was binding on the employer. The judge also declined to order Smalls to make the refund. It concluded that the deductions of the unemployment compensation *415 benefits, as well as other payroll withholdings, including those for taxes and social security, resulted in Smalls' getting something less than "100% back pay."
We need not determine whether the judge was correct in concluding that Smalls was not required to make the refund by reason of his receipt of less than "100% back pay." See Caldwell v. Div. of Unemployment Disab. Ins., 145 N.J. Super. 206 (App. Div. 1976). We hold that, in any event, under the circumstances of this case, Smalls should not be liable for the refund.
N.J.S.A. 43:21-5(b) requires that an individual, restored to employment after discharge with back pay, "shall return any benefits received under this chapter for any week of unemployment for which he is subsequently compensated by his employer." In this case, however, Smalls received a back pay award that specifically excluded the unemployment compensation benefits he had received. In order to preserve the financial integrity of the state unemployment compensation fund, the foregoing statutory provision obviously was designed to preclude double payment of compensation to an employee, by the employer and by the State, during a period of unemployment. Clearly no such payment was made to or received by Smalls here. Under these circumstances to require him to refund the unemployment compensation benefits that he received would not serve to prevent depletion or attrition of the state fund. Rather, it would operate as an unjust penalty against him merely for having applied for and obtained benefits to which he had been entitled, but which he no longer possessed or could regain through no fault of his own. See Fischer v. Board of Review, 123 N.J. Super. 263 (App. Div. 1973); Kugel v. Board of Review, 66 N.J. Super. 547, 550 (App. Div. 1961). See also Snedeker v. Board of Review, 139 N.J. Super. 394, 400 (App. Div. 1976); Schock v. Board of Review, 89 N.J. Super. 118 (App. Div. 1965), aff'd 48 N.J. 121 (1966); Lazar v. Board of Review, *416 77 N.J. Super. 251, 259 (App. Div. 1962); Soricelli v. Board of Review, 46 N.J. Super. 299, 310-311 (App. Div. 1957).[1]
As far as we can determine, the question of whether an employer may be required to refund unemployment compensation benefits withheld from a back pay award to an employee has never been decided in this State. Other jurisdictions that have considered the matter have concluded that, absent a statutory authorization permitting recourse against an employer in these circumstances, the judiciary should apply the principle of unjust enrichment. The thesis is that the purpose of the Unemployment Compensation Act and the fund created thereunder is to benefit the general public by compensating eligible and qualified employees who are unemployed; it is not intended to enrich the employer. The employer, having no title or valid claim to the compensation benefits money, thus properly may be required to refund the amount so deducted which otherwise would have been recoverable from the employee had no deduction been made. State v. Continental Baking Co., 72 Wash.2d 138, 431 P.2d 993, 996 (Sup. Ct. 1967); State v. Rucker, 211 Md. 153, 126 A.2d 846, 850 (Ct. App. 1956).
We are in substantial agreement with that analysis. The legislative intent manifested in N.J.S.A. 43:21-5(b) is that the Department should be able to recoup benefits paid *417 when it is subsequently discovered that the discharge, necessitating application for the benefits, was in error and the employee is subsequently compensated for that error. That the employer deducts the amount of those benefits from a back pay award should not deprive the Department of its right, given by statute, to recover the money merely because it is in the possession of the employer. A contrary conclusion enriches the employer at the expense of the state fund, the general public and those for whose benefit the unemployment compensation law was enacted.
We do not agree with the trial judge that the "binding" effect of the arbitration award on the Gas Company precludes an adjudication that it divest itself of funds which it is not entitled to retain under the Unemployment Compensation Act. Such funds cannot be bargained away to the detriment of the State by the employee and the employer, whether through negotiation, arbitration or otherwise.
That the statute is limited by its terms to refunds by, and the liability of, the employee and contains no specific provision for recovery of such benefits from the employer is of no consequence under the circumstances of this case. N.J.S.A. 43:21-5(b). See also, N.J.S.A. 43:21-16(d).
The purpose of N.J.S.A. 43:21-5(b) is to prevent unjust enrichment of either the employee or employer at the expense of the State unemployment compensation fund. The statutory remedy against the employee is not intended to be exclusive where, as here, it is necessary, in order to effectuate the purpose of the act, to implement it by permitting recovery against an employer holding the monetary equivalent of such unemployment compensation benefits that rightfully belong to the State fund. But for the terms of the arbitration award, such benefits presumably would be in the employee's possession and subject to direct recovery under the specific provisions of the statute. The effect of the award was to make the employer a constructive trustee of the money representing such benefits in favor of its lawful beneficiary, the state fund. Thus, N.J.S.A. 43:21-5(b), in *418 our view, evinces a plainly implied legislative intention to permit the Department that administers the state fund to recover these benefits from the constructive trustee  the employer  under the facts of the present case. See D'Ippolito v. Castoro, 51 N.J. 584, 588-589 (1968); Stretch v. Wilson, 5 N.J. 268, 278-279 (1950). Compare Hirsch v. Travelers Ins. Co., 134 N.J. Super. 466 (App. Div. 1975).
Accordingly, the Department is entitled to recover from the Gas Company the $2,040 in unemployment compensation benefits it has paid to Smalls, subject, however, to the condition hereafter set forth.
The judgment in favor of defendant Smalls dismissing the complaint against him is affirmed. The judgment in favor of the Gas Company is reversed. Judgment shall be entered in favor of plaintiff Department and against defendant Gas Company in the sum of $2,040. However, pursuant to N.J.S.A. 43:21-7(c)(1), plaintiff Department is directed to make an appropriate adjustment with respect to the Gas Company's statutory experience rating account upon receipt from that company of the $2,040 ordered by this opinion. In short, once that sum is paid, the Gas Company's account shall be treated as if Smalls were not unemployed during the period for which benefits were paid to him.
NOTES
[1] Cases in other jurisdictions appear to require the employee to refund such benefits even where the employer has made a deduction therefor in the back pay award. It is not clear whether the statutory provisions involved therein are the same as those in this State. See Griggs v. Sands, 526 S.W.2d 441 (Tenn. Sup. Ct. 1975); Texas Employment Comm'n v. Busby, 457 S.W.2d 170 (Tex. Civ. App. 1970); Meyers v. Director of Division of Employment Secur., 341 Mass. 79, 167 N.E.2d 160 (Sup. Jud. Ct. 1960). In any event, where, as here, the employer is a party to the proceedings and in effect is in possession of the unemployment compensation benefits, we decline to ascribe to the Legislature of this State an intention to effect the inequitable result of imposing liability on the employee for the refund.