■ WILLIAM P. CROWLEY, JR., et al., Respondents, v DORIAN BELKNAP, Defendant, and GLENFORD H. HUBBELL, Appellant. — Appeal (1) from an order of the Supreme Court at Special Term (Lee, Jr., J.), entered June 13, 1983 in Otsego County, which granted plaintiffs' motion for summary judgment against defendant Glenford H. Hubbell, and (2) from the judgment entered thereon. ¶ Plaintiffs entered into an agreement dated April 6, 1982 with defendant Dorian Belknap to purchase certain real property owned by her and located in the Town of Burlington, Otsego County. The agreement called for a purchase price of $18,500, with a down payment of $1,850 to be held in escrow by defendant Glenford H. Hubbell, a real estate broker. The agreement specifically provided that the down payment would be refundable in total if the transaction was not completed within 60 days after the execution of the agreement. This provision was handwritten along with a number of other notations. The closing date was set for April 23, 1982. The closing did not take place on that date or within the 60-day period, as a result of which plaintiffs demanded the return of their deposit from Hubbell. Instead, Hubbell paid the deposit over to the seller. ¶ Plaintiffs commenced this action against defendants seeking recovery of the down payment and thereafter moved for sum-

---

mary judgment against Hubbell.[*] In opposition, Hubbell attempted to introduce issues as to the marketability of the title, demanding that those issues be resolved prior to a court determination as to whom he should have paid the money. Special Term rejected Hubbell's contention and granted plaintiffs' motion. We concur with Special Term's decision. ¶ There are no disputed issues of fact. No one questions plaintiffs' down payment, the specific terms of the contract or the failure to conclude the transaction within 60 days. In the exercise of his fiduciary duties as an escrow agent, Hubbell was obligated to strictly abide with the terms of the contract. He breached those terms by paying the money over to the seller. It is immaterial, for the purposes of this action, to determine whose fault it was that the transaction was not concluded within the 60-day period established by the contract. Where there are no issues of fact in dispute, summary judgment is appropriately invoked (*Andre v Pomeroy*, 35 NY2d 361; *Yates v Cohoes Mem. Hosp.*, 64 AD2d 726, 728, app dsmd 45 NY2d 836). ¶ Order and judgment affirmed, with costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.

---

[*] It appears that service of process was never made on defendant Belknap.