493 A.2d 379

**Samuel E. LADDON, et ux.**

v.

**RHETT REALTY, INC., et al.**

**No. 1376, Sept. Term, 1984.**

Court of Special Appeals of Maryland.

June 7, 1985.

Samuel E. Laddon, Wheaton, for appellants.

Kay B. Partridge, Ellicott City, (Charles A. Reese and Reese & Carney, Ellicott City, on the brief), for appellees.

Argued before BISHOP, ALPERT and BLOOM, JJ.

BISHOP, Judge.

Samuel E. Laddon and his wife Jane D. Laddon filed this action, *pro se,* against appellees Rhett Realty, Inc. and John F. Rattaliata, a real estate broker and its designated representative, *see* Md.Ann.Code art. 56, § 218(a), to recover their deposit held by appellees under a real estate contract of sale. The Laddons appeal the order of the Circuit Court

for Howard County which sustained appellees' demurrer, without leave to amend.[1] *See* former Rule 345e.

## Standard of Review

Rule 345a,[2] regarding the scope of demurrer, provided:

1. Question of Law.

Any question of law as to a pleading which may be decisive of the litigation, including the constitutionality, application or construction of a statute, and

2. Sufficiency of Pleading.

Any question as to the sufficiency of substance of any pleading may be raised by demurrer.

"To withstand a demurrer a party need only allege facts which, if proven, would entitle him to relief." *Hooke v. Equitable Credit Corp.*, 42 Md.App. 610, 616, 402 A.2d 110 (1979). In considering the motion, the court

should assume as true, for the purposes of demurrer, all of the well pleaded facts in the bill of complaint and attached exhibits, as well as the inferences which may be drawn from those well pleaded facts. In its determination, the court may not assume facts not pleaded ... nor may additional facts relied on by a party be supplied. The ruling is limited to a consideration of the pleading demurred to, and instruments or documents which do not form a part of the pleading may not be considered.

*Gallant v. Bd. of School Comm'rs.*, 28 Md.App. 324, 329, 345 A.2d 448 (1975) (Citations omitted).

---

**1.** In Count I of the five count declaration appellants state the facts outlined *infra* and allege a cause of action to recover the deposit. In their brief appellants argue only the sufficiency of Count I, therefore, it is the ruling on that count only that is before us. Rule 1031 c. 5; *Duckworth v. Bernstein*, 55 Md.App. 710, 712 n. 1, 466 A.2d 517 (1983); *Jacober v. High Hill Realty, Inc.*, 22 Md.App. 115, 125, 321 A.2d 838, *cert. denied*, 272 Md. 743 (1974).

**2.** *See* new Rule 2–322(b)(2), Preliminary Motions, failure to state a claim upon which relief can be granted.

## FACTS

The contract of sale between appellants and sellers Edward G. Taylor, Eileen M. Taylor, and Eileen F. Zieglar (now Eileen Johnson) required appellants to pay, as part of the purchase price, a $1,000.00 deposit to be held by appellees "in escrow on behalf of seller until settlement."

In the event of default by the purchasers, the contract provided that the deposit would be forfeited to the sellers and appellees would be entitled to a fee of fifty percent of the amount forfeited. Notice of default by the purchaser was required to "be given in writing by the Seller to the Buyer within 10 days after the default has occurred."

The contract, however, was expressly contingent upon appellants obtaining a purchase money mortgage loan at certain stated terms not at issue here. In addition, the contract provided that if the buyer attempts to utilize the Veteran's Administration guaranteed loan procedure and does not complete the purchase, he will not "incur any penalty by forfeiture of earnest money..." if the purchase price exceeds the reasonable value of the property established by the Veteran's Administration.

Appellants paid the $1,000.00, which was deposited in appellee Rhett Realty, Inc.'s bank account. The sale was not consummated and Rhett Realty refused, upon demand, to return the deposit to appellants.

Appellants' declaration states that the "Laddons contend that no default on their part has occurred," that they have not received a notice of default as required under the contract, and that one of the sellers advised appellants that the contract between them was void. In addition, the declaration provides that appellants "were unable to secure financing in accordance with the terms of the contract," and that they are entitled to a refund of their deposit based upon the "Financing Contingency" and "Veterans Administration" clauses of the contract.

The demurrer sustained by the circuit court alleged (1) failure to state a cause of action, (2) lack of privity of

contract, and (3) that the declaration was duplicitous. The basis of the court's ruling is not clear from the record.

## I.

### Failure to State a Cause of Action

The threshold question in this case is whether, in the absence of default, a purchaser may recover from the broker the deposit made under the contract of sale when the sale is not consummated because of the failure of a contingency of the contract. We have not found any Maryland law directly on point.

The Court in *Kremen v. Rubin*, 139 Md. 682, 116 A. 640 (1922) stated that there was no authority for the proposition that

> if a real estate broker sells property and the vendee pays a part of the purchase money, and the broker afterwards buys the property himself and fails to return the payments made by the original vendee, that then the vendee can recover the money so paid ... *without regard to whether the first contract was rescinded by mutual consent or was broken by the original vendee,* or whether there was any relation of principal and agent between the broker and the vendee.

139 Md. at 695, 116 A. 640 (Emphasis added). In *Century Indemnity Company v. State of Maryland*, 144 F.Supp. 671, 674–75 (1956) the Court stated that "[i]f the title of the seller is defective, the purchaser is entitled to receive his money back; he has a contingent beneficial interest in the deposit. But if the title is good and the sale is consummated, the deposit belongs to the seller, who has acknowledged receipt of it in the contract of sale. It is his money, held by his agent as trustee." See also *Casey v. Jones*, 275 Md. 203, 339 A.2d 33 (1975) where the Court indicated that under a sales contract provision regarding default by the purchaser, the broker's right to a commission from the deposit was dependent upon whether the seller exercised his

right to elect forfeiture of the deposit. 275 Md. at 205–06, 339 A.2d 33.

Under various circumstances, however, courts from other jurisdictions have held that "a deposit may be recoverable [from the broker] where the contract between the parties is terminated in accordance with its terms on the happening of a certain contingency, such as the unavailability of financing to the purchaser...." 12 C.J.S. *Brokers* § 105b (1980) at 304–05; *see McGinley v. Chappas,* 91 Ga.App. 418, 85 S.E.2d 791, 792 (1955) (contract of sale provided that "in the event the sale is not consummated for reasons other than default of purchaser, the deposit is to be refunded to the purchaser."); *Lane v. Wilson,* 149 So.2d 654, 656 (La.Ct. App.1963) (contract of sale provided that if financing contingency is not satisfied the "agreement shall then become null and void and agent is authorized to return purchaser's deposit in full."); *Kimbrough v. Gross,* 268 S.W.2d 56, 59 (Mo.Ct.App.1954) (broker obtained deposit on implied condition that deposit would be refunded if broker failed to arrange financing); *Quinn v. State Board of Real Estate Examiners,* 104 Ohio App. 316, 137 N.E.2d 777, 780 (1956) (broker's license revoked for *inter alia,* failing to return deposit to purchaser; broker told purchasers that deposit accompanying offer of purchase would be returned if G.I. Loan was not secured; when sale was not consummated because of failure to obtain financing, purchaser and vendor requested that deposit be refunded); *Couch v. Stewart,* 200 S.W.2d 642, 643 (Tex.Civ.App.1947) ("earnest—money agreement" provided that if loan on specified terms was not obtained the earnest money would be refunded.); *see also Pelletier v. Dwyer,* 334 A.2d 867, 872–73 (Me.1975) (broker held liable for return of deposit where vendor failed to tender performance and wrongfully claimed default on part of purchaser); *Crowley v. Belknap,* 103 A.D.2d 962, 479 N.Y.S.2d 578, 579 (1984) (broker held liable for deposit where contract of sale provided that down payment, held in escrow by real estate broker, would be refundable if trans-

action not completed within 60 days of execution of agreement; sale was not consummated within time specified).

In *McGinley v. Chappas*, 91 Ga.App. 418, 85 S.E.2d 791 (1955), the Court held that the plaintiff purchaser properly brought an action "against the defendant sales broker to recover earnest money when the contingency of obtaining a loan, upon which the contract was predicated, failed to materialize." 85 S.E.2d at 792. According to the Court,

> An exception to the general rule that proper payment to the authorized agent of a disclosed principal ... is payment to the principal ... is recognized in cases where a binder or earnest money for the sale of property is turned over to a sales broker during the pendency of a conditional contract of purchase. In such cases, if the money is not turned over by the agent to the principal during a time when the principal is authorized to receive it, the payor, if entitled to its return, may recover it back directly from the agent.

*Id.* at 792. (Citations omitted).

In addition,

> Where the contract provides that, "in the event the sale is not consummated for reasons other than default of purchaser, the earnest money is to be refunded to the purchaser," the escrow agent is not authorized to turn the money over to the seller where the contract of sale is expressly contingent upon the purchaser's ability to obtain a specified mortgage loan, and where he is unable to obtain such loan. In such a case the purchaser has a right to demand the money back from the sales broker, and an action against the seller, who never received the money, will not lie.

*Id.* at 792 (Citation omitted). The Court also stated that it was not necessary to allege specifically that the broker had not turned the money over to the seller since under the terms of the contract the broker was without authority to do so since "the sale was not consummated due to no default on the part of the purchaser, and therefore the

escrow agent could not in good faith have paid the money to either party until the contingency was determined...." *Id.*

■ This analysis is applicable to the case *sub judice.* The contract at issue here was expressly contingent upon appellants obtaining specified financing which, according to the declaration, could not be obtained. Appellants notified the sellers accordingly, through the appellees, and demanded return of their deposit. Under the allegations of the declaration, the contractual obligations regarding performance were terminated for failure of a condition precedent. *See Traylor v. Grafton,* 273 Md. 649, 688, 332 A.2d 651 (1975) ("the requirement of obtaining mortgage financing as a condition in a contract for the sale of realty must be given effect unless the condition has been altered by the parties or waived by the one for whose benefit the condition was made."); *Bushmiller v. Schiller,* 35 Md.App. 1, 8, 368 A.2d 1044 (1977) (same).

■ As an implied condition of the contract of sale the parties intended that, in the absence of default on the part of appellants, the deposit would be refunded if the specified financing could not be obtained. *See Kimbrough v. Gross,* 268 S.W.2d 56, 58 (Mo.Ct.App.1954) (deposit to be applied to purchase, contract contingent upon broker arranging financing; implied condition that deposit would be refunded if broker failed to arrange the financing); *see also Stone Mountain Realty, Inc. v. Wright,* 155 Ga.App. 858, 273 S.E.2d 228, 230 (1980) (contract provided for disposition of deposit if sale was consummated or failed because of default of purchaser or seller, but not in event sale failed without fault; held that trial court did not err by permitting purchaser to recover deposit from broker). It follows that appellants may be entitled to recover the deposit from appellees. In the absence of his default and an agreement to the contrary, a purchaser may recover from the broker the deposit made under the contract of sale when the sale is not consummated because of the failure of a contingency of

the contract. Under this rule, appellants' declaration sufficiently states a cause of action for the return of the deposit.

Appellees erroneously contend that the declaration is insufficient to withstand a demurrer because it contains only "skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty." *Continental Masonry v. Verdel Contr.*, 279 Md. 476, 781, 369 A.2d 566 (1977). The declaration sufficiently establishes that the contract was terminated because appellants could not obtain the specified financing, and that appellees did not return the deposit as requested. These allegations are sufficient and present the operative facts upon which the cause of action is based.

■ Furthermore, since the scope of our consideration is limited to the declaration, we cannot consider the allegation made by appellees at the hearing below that the contract was not terminated for failure of a condition in the contract, but rather that there was some default on the part of appellants. The declaration indicates that there was no such default, and in addition, that the sellers did not comply with the requirement of notice upon default, *see Casey v. Jones*, 275 Md. 203, 205–06, 339 A.2d 33 (1975) (in action to recover commission from defaulting purchaser, broker was limited to asserting right to forfeiture of deposit since seller did not satisfy contract provision regarding notice of election to utilize legal rights other than forfeiture).

## II.

### *Lack of Privity of Contract*

■ Appellees contend that there is no basis for the claim since they were not parties to the contract of sale and owe no duty to appellants. *See Porter v. General Boiler Casing Co., Inc.*, 284 Md. 402, 409, 396 A.2d 1090 (1979). There is no merit to this contention since the cause of action alleged in appellants' declaration is, in effect, one of the

common counts, *i.e.* for money had and received,[3] rather than breach of the contract of sale. *McGinley v. Chappas,* 91 Ga.App. 418, 85 S.E.2d 791, 792 (1955); *Kimbrough,* 268 S.W.2d 56, 58 (Mo.Ct.App.1954). As discussed under issue I, *supra,* appellee received the money as outlined in the contract of sale, and the declaration sufficiently states a cause of action for return of the deposit.

The contract identifies Rhett Realty, Inc. as listing broker and sets out the following relationship between the parties:

> The Seller recognizes Rhett Realty, Inc. Realtor as the listing broker negotiating this contract and agrees to pay said Realtor a brokerage fee for services rendered amounting to five percent (5%) of the sale price plus one-half of the amount of the annual ground rent, if any, and the party making settlement is hereby authorized and directed to deduct the aforesaid brokerage fee from the proceeds of sale and pay same to said Realtor. If a deposit made on this contract shall be forfeited to Seller the brokerage fee for Realtor services shall be 50% of the amount forfeited but in no event to exceed an amount equal to the full brokerage fee specified herein. Notwithstanding the postponement of payment of the commission as herein provided said commission shall be deemed earned as of the date of execution of this Agreement or the date of satisfaction of all contingencies herein stated whichever shall last occur.

Under similar clauses, rights and obligations between the seller and agent have arisen *see Berman v. Hall,* 275 Md. 434, 435–38 & n. 1, 340 A.2d 251 (1975) (buyer and seller entered into contract of sale specifying when right to brokerage commission accrued, no other employment agree-

---

**3.** 1 *Poe's Pleading and Practice* (6th ed. 1970) § 117 states that this action, "in general terms, lies whenever the defendant has obtained possession of money which, in equity and good conscience, he ought not be allowed to retain." *Id.* at p. 143. The plaintiff must show that the defendant has received money which belongs to the plaintiff. *Id.* § 118 at p. 144; n. 92. *See State, Use, Emp. Sec. Bd. v. Rucker,* 211 Md. 153, 157–58, 126 A.2d 846 (1956).

ment was alleged; court held that agreement controls right to commission rather than Md.Real Prop.Code Ann. § 14–105). This clause, considered in context with the other provisions of the contract regarding the deposit and its implied conditions, may establish an obligation on the part of appellees to return the deposit to appellants if the contract was terminated pursuant to the financing contingency and through no fault of the buyers.

## III.

### *Duplicity*

■ Appellee claims that Count I of the declaration alleges breach of contract and a violation of the requirements under Md.Ann.Code art. 56 § 227A (1983) regarding the handling of trust funds held by real estate brokers. Accordingly, the argument continues, the declaration is duplicitous and cannot withstand the demurrer. *See Thomas v. Ford Motor Credit Co.*, 48 Md.App. 617, 623, 429 A.2d 277 (1981). We do not agree. Count I sets out only one cause of action, i.e. for the recovery of money had and received by appellees under the contract of sale. The statement relied upon by appellees is simply an assertion by appellants that appellees were holding the deposit pursuant to the statute and subject to the requirements thereunder.[4]

---

4. Md.Ann.Code art. 56, § 227A(a) (1983) provides, in pertinent part, that

> ... such moneys ... in the absence of proper written instructions to the contrary, shall be expeditiously deposited in an account in a financial institution located within Maryland whose deposits are insured ... [and] maintained by the broker as a separate account for funds belonging to others. These funds shall be retained in that account until the transaction involved is consummated or terminated, or until proper written instructions have been received by the broker directing the withdrawal and other disposition of the funds, at which time all funds shall be promptly and fully accounted for by the broker. A licensee hereunder may not commingle any funds with his own or use any funds for any purpose other than the purpose for which the funds were entrusted to him.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION;

COSTS TO BE PAID BY APPELLEES.